## DŒRING *v.* THE STATE.

INSTRUCTIONS TO JURY.—*Questions of Fact and Law.*—On the trial of an indictment for assault and battery, the court charged the jury that a policeman's mace, with which the blow was struck, was a dangerous weapon.

*Held,* that the charge was erroneous. Whether the weapon used was or was not dangerous, was a question of fact, and not of law, and should have been submitted to the jury.

ARREST.—*Made Without Writ.*—A peace officer may arrest for a misdemeanor without a warrant, only on view. He may arrest for a felony without a warrant on view, or upon information when he has reasonable or probable cause to believe that a felony has been committed; but if a private person arrest another for felony on information, and not on view, it devolves on him to justify by showing that the party arrested was guilty of the crime charged.

POLICEMAN.—*Powers of.*—*Presumption.*—When it is shown that a policeman has been duly appointed by the proper authority of a city, whose charter confers on the common council the power to establish, organize, and maintain a city watch, and prescribe the duties thereof, and to regulate the general police of the city, it will be presumed, in the absence of evidence as to the power given to such policeman by the city ordinances, that he possesses the ordinary powers of peace officers at common law.

From the Vanderburgh Criminal Circuit Court.

*C. Denby* and *D. B. Kumler,* for appellant.

*C. A. Buskirk,* Attorney General, *B. Hynes,* and *R. D. Doyle,* for the State.

BUSKIRK, C. J.—This was an indictment against the defendant for an assault and battery upon the body of one Thomas Green. There was a trial by jury, a verdict of guilty, assessing a fine of one cent. There was a motion for a new trial, which was overruled, a motion in arrest of judgment, which was also overruled, and the court rendered judgment on the verdict.

The defendant was a policeman of the city of Evansville, and as such was informed that a brother of the prosecuting witness, Jim Green by name, had stolen a box of cigars. Upon that information, he arrested said Green. He was taking the prisoner to the city prison, and on his way there passed the house of the prosecuting witness. The prisoner expressed a desire to see his brother, the prosecuting witness, and was told by the defendant that he could see him outside the house.

All the persons present agree in their testimony, that the prisoner attempted to either go into the house or escape, and that the appellant knocked him down twice with his mace. In the scuffle that ensued, the appellant and the prisoner got around the corner of the house of the prosecuting witness, about ten feet from the corner. At this point of time, the prosecuting witness heard the noise and went out and placed his hand upon the shoulder of the appellant, and turned him around to the gas-light. The theory of the State is, that the prosecuting witness heard the noise and went out to stop it, without knowing who the parties were, and that he gently laid his hand upon the appellant and turned him around to the gas-light to see who he was. On the other hand, it is contended, that the prosecuting witness knew who the parties were, and went out to aid his brother in escaping. All the witnesses agree, that he laid his hand on the officer before he was struck. The appellant struck him over his head with a mace. It is further argued, that it can make no difference what the real pur-

pose of the prosecuting witness was, if the appellant had reason to believe, and did believe, that his purpose was to aid in the escape of his brother. The prisoner did, in fact, make his escape.

Counsel for appellant contend that the second instruction was erroneous, because the court told the jury that the weapon used was a dangerous one, when the question should have been submitted to the jury to determine, as a question of fact. The instruction was in these words : " In coming to a conclusion in this case, it is important that you should consider the character of the weapon used. Custom seems to sanction the use by police' establishments of pistols, maces, and other dangerous and deadly weapons, but they ought to use such weapons prudently. There can be no doubt, and in this the jury and counsel for the State and defendant will fully agree with me, that the weapon used by the defendant in this case was a dangerous weapon. Did he use it recklessly or cruelly, or did he use it prudently ?"

It is the duty of the court to charge the jury as to all matters of law applicable to the facts proved. It is the province of the jury to ascertain the facts. The question of whether a particular weapon was or was not dangerous was a question of fact, and not of law, and hence should have been submitted to the jury for ascertainment. *Barker* v. *The State,* 48 Ind. 163.

It is also claimed, that the court erred in giving the following instruction : " If the defendant made the arrest of James Green for a felony, on information and not on view, he made it at his own peril ; and in order for him to justify the assault upon Thomas Green, the prosecuting witness, when it becomes a matter of inquiry, it devolves upon the defendant to show that the party under arrest was guilty of the crime for which he was arrested."

In our opinion, the instruction was clearly erroneous.

It never was necessary under the law for a peace officer to " show that the party under arrest was guilty of a crime for which he was arrested." A peace officer has a right to arrest without a warrant, when he is present and sees the offence committed. He has a right to arrest without a warrant, on infor-

mation, where he has reasonable or probable cause to believe that a felony has been committed; and herein there is a distinction as to the extent of his authority. In cases of misdemeanor, the officer must arrest on view or under a warrant; in cases of felony, he may arrest without a warrant, upon information, where he has reasonable cause. And the reasonable or probable cause is an absolute protection to him, " when it becomes a matter of inquiry," and in no case is he bound to establish the guilt of the party arrested. 1 Hilliard Torts, 2d ed., 233, 234, 235, and notes.

In *Holley* v. *Mix*, 3 Wend. 350, the court held: " If an innocent person is arrested upon suspicion by a private individual, such individual is excused if a felony was in fact committed and there was reasonable ground to suspect the person arrested. But if no felony was committed by any one, and a private individual arrest without a warrant, such arrest is illegal though an officer would be justified if he acted upon information from another which he had reason to rely on."

In *Samuel* v. *Payne*, 1 Doug. 359, Lord MANSFIELD held that if any person charge another with felony, and desire an officer to take him in custody, such charge will justify the officer, though no felony was committed.

In a MS. note of a case of *Williams* v. *Dawson*, referred to by counsel in *Hobbs* v. *Branscomb*, 3 Camp. 420, Mr. Justice BULLER laid down the law, that " if a peace officer of his own head takes a person into custody on suspicion, he must prove that there was such a crime committed; but that if he receives a person into custody, on a charge preferred by another of felony or breach of the peace, there he is to be considered as a mere conduit, and if no felony or breach of the peace was committed, the person who preferred the charge alone is answerable."

In *Hobbs* v. *Branscomb*, *supra*, Lord ELLENBOROUGH, in speaking of the rule laid down by Judge BULLER, said: " This rule appeared to be reasonable, and that very injurious consequences might follow to the public, if peace officers, who ought to receive into custody a person charged with

a felony, were personally answerable, should it turn out that in point of law no felony had been committed."

In 1 Chit. Crim. Law, 22, the law is stated thus: "Constables are bound, upon a direct charge of a felony, and reasonable grounds of suspicion laid before them, to apprehend the party accused, and if upon a charge of burglary, or other felony, he be required to apprehend the offender, or to make hue and cry, and neglect so to do, he may be indicted. And a peace officer, upon a reasonable charge of felony, may justify an arrest without a warrant, although no felony has been committed because, as observed by Lord HALE, the constable cannot judge whether the party be guilty or not, till he come to his trial, which cannot be till after his arrest; and, as observed by Lord MANSFIELD in *Samuel* v. *Payne*, if a man charges another with a felony, and requires an officer to take him into custody, and carry him before a magistrate, it would be most mischievous that the officer should be bound first to try, and, at his peril, exercise his judgment on the truth of the charge; he that makes the charge should alone be answerable; the officer does his duty in conveying the accused before a magistrate, who is authorized to examine, and commit, or discharge."

The law applicable to arrests by a private person is stated with great precision and clearness by TILGHMAN, C. J., in *Wakely* v. *Hart*, 6 Binn. 316, where, after quoting a provision of the state constitution and commenting thereon, it is said: "But it is nowhere said, that there shall be no arrest without warrant. To have said so would have endangered the safety of society. The felon who is seen to commit murder or robbery, must be arrested on the spot or suffered to escape. So although not seen, yet if known to have committed a felony, and pursued with or without a warrant, he may be arrested by any person. And even when there is only probable cause of suspicion, a private person may without warrant at his peril make an arrest. I say at his peril, for nothing short of proving the felony will justify the arrest. These are principles of the common law, essential to the welfare of society,

and not intended to be altered or impaired by the constitution."

We think the instruction under examination, when applied to arrests by a private person, expresses the law correctly, but when applied to arrests by peace officers, is clearly erroneous.

It is, however, insisted by the Attorney General, that there is nothing in the record showing that the appellant possessed the powers of an ordinary peace officer. The city of Evansville is governed by a special charter, which does not define the powers of the police force. The charter confers on the common council power " to establish, organize, and maintain a city watch, and prescribe the duties thereof," and " to regulate the general police of the city."

The ordinances of the city, defining the duties and prescribing the powers of the police force, were not read in evidence. It is earnestly claimed, that we cannot, under these circumstances, indulge the presumption that the appellant possessed the powers of a conservator of the peace. We take notice of the existence of, and the powers conferred by, the city charter, and that Evansville has a city government. It was proved that the appellant was acting as a policeman in such city. We think we should indulge the presumption, that the police force of such city possessed the ordinary powers of peace officers at the common law, but we do not think the presumption should be carried beyond the powers possessed by conservators of the peace at the common law.

A full and accurate statement of the powers and duties of the police force, under the general act of incorporation of cities, will be found in *Boaz* v. *Tate*, 43 Ind. 60.

The judgment is reversed, with costs; and the cause is remanded for a new trial, in accordance with this opinion.