BROWN v. THE STATE.

No. 8602.

CRIMINAL LAW.—*Evidence.—Competency of Confessions made under Influence of Fear Produced by Threats.*—Under section 93, 2 R. S. 1876, p. 396, confessions made under the influence of fear produced by threats are not competent to be given in evidence against the accused.

SAME.—*Competency of Evidence Determined by Court.*—It is the duty of the court to determine the competency of the evidence offered upon the trial of a cause, before such evidence is permitted to go to the jury.

SAME.—Where objection is made to the competency of evidence offered to prove confessions made by a defendant, upon the ground that such confessions were made under the influence of fear produced by threats, and evidence is offered to prove such threats, it is the duty of the court to hear it and to determine therefrom the competency of the evidence offered to prove such confession, and not to relegate such question to the jury.

SAME.—*Parol Evidence of Testimony Before Coroner's Jury.*— Where the proceedings before a coroner holding an inquest are so irregular that the written examination is not admissible in evidence, it is competent to prove by parol what was testified to before him.

From the Morgan Circuit Court.

*J. B. Elam, G. A. Adams* and *J. S. Newby,* for appellant.

*D. P. Baldwin,* Attorney General, *A. M. Cunning* and *L. Ferguson,* for the State.

WORDEN, J.—The appellant, together with Louisa Parrott and Joseph Greer, was indicted in the court below, for the murder of Joseph W. Brown.

The appellant, Willard Brown, was put separately upon trial, and convicted of manslaughter, and sentenced to imprisonment in the state-prison for the period of fourteen years. Motion for a new trial; judgment and exception.

It appears by a bill of exceptions, that on the trial of the cause the State introduced as a witness one John Howard. The bill of exceptions sets out as follows : " ' The prisoner, sitting at the table there, is Willard Brown.

I heard him give an account of what he knew of the kill-ing of his father some time after it happened.' Here the counsel for the State offered to prove a conversation with the witness, had by the defendant, which was relied upon by the State as a confession of defendant's guilt. The defendant, by his counsel, objected to the witness de-tailing said conversation, until he had been allowed to offer proofs showing that whatever statements he made to the witness on the subject of the death of the deceased, mentioned in the indictment, were made while he was under the influence of fear produced by threats, and offered to prove to the court by his own evidence, and that of James Brown, a competent witness then present in court, that the said alleged confession was made by him, if at all, while under the influence of fear produced by threats made by said James Brown, and also by Peter Harper, Robert Mercer and others, for the purpose of showing that said conversation was incompetent to go to the jury under the statute of the State of Indiana. But the court, being fully advised, overruled the defendant's motion to be allowed to offer such proof as to the compe-tency of the evidence offered by the State, saying that the court would not then enter upon such an enquiry, but would instruct the jury to disregard any evidence touch-ing any confession that, in their judgment, had been made under fear produced by threats, and that the defendant, when he came to make his defence, could introduce any evidence that he saw fit, tending to show the circumstances under which any alleged confessions of his had been made. The defendant also objected to the witness, Howard, de-tailing any alleged confession of his, until the preliminary proof offered by him was heard by the court, touching the competency of the evidence, but his objection was overruled by the court, and the defendant excepted ; and, over his objection and exception, the said witness testified

as follows," etc.   Here follows testimony of confessions damaging to the defendant.

The same point is reserved in reference to the testimony of other witnesses.

It is provided by statute, that "The confession of a defendant made under inducement with all the circumstances may be given in evidence against him, except when made under the influence of fear produced by threats; but a confession made under inducement is not sufficient to warrant a conviction, without corroborating testimony."   2 R. S. 1876, p. 396, sec. 93.

Under this statute, confessions made under inducement may be divided into two classes, the first embracing all those made under inducement, except those made under the influence of fear produced by threats; and the second all those made under the influence of fear produced by threats.   Confessions of the first class may be given in evidence, with all the circumstances.   Those of the second class are not competent to be given in evidence at all.   It is with confessions of the second class that we have to deal in this case.   It is a general if not a universal rule of the law, that it is for the court to determine the competency of evidence.   And the competency should be determined before the evidence goes to the jury, because, if incompetent, it should not go to the jury at all. When the competency of evidence depends upon extrinsic facts, as in this case upon the question whether the confessions were made under the influence of fear produced by threats, how can the court determine the question of competency without hearing the evidence offered on that subject?   Doubtless, confessions of the defendant are *prima facie* competent; but when objection is made by the defendant to their competency, and evidence is offered by him in support of the objection, the court can not determine the question without hearing the evidence; nor

Brown v. The State.

can it relegate the question to the jury, for it is the duty of the court to pass upon it in the first instance, before the evidence can legally go to the jury. It seems to us to be clear, on principle as well as authority, that the court erred in refusing to hear the evidence offered by the defendant to show that the confessions were made under the influence of fear produced by threats. This view is supported by Wharton Crim. Ev., 8th ed., sec. 689.

A recent case in Massachusetts is exactly in point. *Commonwealth* v. *Culver*, 126 Mass. 464. There, on the trial of the defendants, on a charge of shop-breaking with intent to steal, the government offered to prove confessions made by the defendants, who objected to their admission on the ground that they were made in consequence of offers of favor made to the defendants by the officer who arrested them and had them in custody ; that these offers were carried · to the defendants by request of the officer before the confessions were made, and that the confessions were induced by the offer.

At the suggestion of the judge, the government called as a witness the officer who made the arrest, who denied having made the offers mentioned. The defendants then offered to call five different witnesses to prove the truth of their claim, and asked the judge to hear them, and first to determine whether the confessions ought to be received. The judge declined to admit the evidence at that stage of the case, but admitted the confessions. Conviction.

The court said : "We are aware that it is not an uncommon practice in the trial of criminal causes, when confessions of a defendant are offered in evidence, and objected to upon the ground that they were improperly obtained, for the presiding judge to allow the confessions, and all the evidence bearing upon the manner in which they were obtained, to be submitted to the jury, either to be rejected by the jury wholly, or to be allowed such

weight as under all the circumstances the jury may deem it proper to give them.   This, however, as we understand it, is rather by consent than otherwise, neither party desiring to take the decision of the presiding judge upon the question of competency.   There may be, however, and commonly are, two questions ; first, the competency of the evidence, and, secondly, the weight of the evidence ; the former is always a question of law, the latter is always a question of fact. The prisoner has always the right to require of the judge a decision of the competency of the evidence ; and, even after the judge has decided the evidence to be competent, the prisoner has the right to ask of the jury to disregard it, and to give no weight to it, because of the circumstances under which the confessions were obtained.   In the case at bar, however, the counsel for the prisoners insisted upon their right to have the judge decide upon the competency of the evidence, and tendered evidence of its incompetency . This evidence it was the duty of the presiding judge to hear.   The evidence having been tendered at a stage of the case in which it was the duty of the defendants to offer it, and the presiding judge having refused to hear it at that time, the exception to his refusal to hear it must be sustained."

There is also another recent case exactly in point in principle.   The State v. Elliott, 45 Iowa, 486 ; S. C., 2 Am. Crim. Rep. 322.    There, the defendant was on trial for the murder of John W. Bold.    The State introduced a surgeon who had been called to attend Bold.    The witness testified as to Bold's condition and his belief that his dissolution was approaching.    The witness was then asked to state what Bold said in regard to who shot him, or who inflicted the wound on him.    The defendant objected and then offered to prove to the court by competent testimony, that at the time of making the declaration the deceased did not believe that he was about to die, but expected to

recover from the wound; and the defendant asked to be permitted at this stage of the proceeding to introduce his evidence touching the matters made in his offer, for the purpose of testing the competency of the declarations of the deceased.   The court refused to admit this testimony, and permitted the declarations of deceased to be introduced. DAY, C. J., in delivering the opinion of the court, said, among other things :   " In this action we think the court erred.   It is the province of the court to determine the competency of the declaration offered.        *        *        * The cases uniformly hold that the competency of such testimony is to be determined by the judge in view of all the surrounding and attendant circumstances." (Authorities). "The court does not discharge this duty by simply hearing the evidence produced upon the part of the State. Evidence, if offered, should be received on the part of the the defendant, and it should be weighed upon the determination of the question of admissibility."

It may be gathered from the case of *Bartlett* v. *Smith*, 11 M. & W. 483, that, in all cases, whether civil or criminal, where objection is made to the competency of evidence offered, and the question depends upon facts that may be proved or disproved, it is the duty of the court to hear all proper evidence offered on either side touching the question of competency, before letting the challenged evidence go to the jury; and that it is error to do otherwise.   See, also, *Regina* v. *Garner*, 2 C. & K. 920, and note.

Another point made by the appellant relates to the admission of parol evidence of what he testified to before the coroner upon an inquest held upon the body of the deceased.   It appears by a bill of exceptions, that the State offered in evidence the record of the testimony taken before the coroner; but this was properly rejected, at the instance of the appellant, because the testimony of the witnesses had not been signed by them as required by

statute, and because of other informality. The State then gave parol evidence of what the appellant testified to before the coroner's jury. In this there was no error. Where the proceedings before the coroner are regular, the record of the testimony taken before him will be the best evidence of what the testimony was, and parol evidence will not be received of any thing not contained in the record. Such was the case of *Woods* v. *The State*, 63 Ind. 353. But where, as in this case, the proceedings before the coroner are so irregular that the written examination is not admissible in evidence, it is competent to prove by parol what was testified to before him. Whart. Crim. Ev., 8th ed., sec. 667.

The appellant has discussed some other questions in the cause, but, as they may not arise upon another trial, we pass them. The judgment will have to be reversed on the ground already stated.

The judgment below is reversed, and the cause remanded for a new trial.

The clerk will give the proper notice for the return of the prisoner.