FAUT *v.* STATE OF INDIANA.

[No. 25,407. Filed October 8, 1929.]

*Deahl & Deahl,* for appellant.

*Arthur L. Gilliom,* Attorney-General, and *Harry L. Gause,* Deputy Attorney-General, for the State.

MARTIN, J.—Appellant and another were charged by affidavit with having unlawfully transported intoxicating liquor in an automobile truck in violation of Acts 1925, ch. 48, §7, §2720 Burns 1926. The appellant was arraigned, stood mute, and declined to enter a plea, whereupon the trial court entered a plea of not guilty for him. Before the commencement of the trial, he filed a motion to suppress the evidence obtained by the arresting officers on the grounds that they made a search of his automobile without having a search warrant in their possession; that, at the time of the arrest, the officers did not see him in the commission of any felony or misdemeanor, and that the officers were not aware of their own knowledge of any facts which would reasonably lead them to believe that he was engaged in an unlawful act. By agreement of the parties, the ruling on the motion to suppress was postponed until after the hearing of the evidence upon the trial, when the same was overruled and a finding of guilty was made. Judgment was rendered assessing a fine in the sum of $500 and imprisonment in the Indiana Reformatory for a period of not less than one year nor more than two years.

The error assigned is the overruling of appellant's motion for a new trial. Such motion was upon 11 grounds or reasons, which present the single question

of the legality of the search and admissibility of the evidence obtained thereby.

The facts, as shown by the evidence, and about which there is no dispute, are as follows: A police sergeant on duty at the police station in Elkhart received information over the telephone that an automobile truck with a square-type oil-tank body with several five-gallon milk cans along its side was passing through the city with a load of "booze" (intoxicating liquor); that it had been going through the city quite frequently; that it was at the corner of Second and Jackson Streets going west and that the police could land it if they would get busy. The person who telephoned asked to talk to the sergeant or man in charge, but did not give his own name, address, or business. The sergeant detailed some deputy sheriffs, who were in the police station at the time, to go after the truck, giving to them the information which he had just received. When the officers overtook the truck, it was going about 15 miles an hour and was being driven by appellant. As the deputy sheriffs in their automobile came alongside the truck, one of the officers told appellant to pull over to the curb and stop. He did so, after driving about 100 feet and after the officers, one of whom had a pistol in his hand, had several times shouted to him to stop. The truck was of the tank type, the sides of which ran up three or four feet and was oval on top. It had a black body, larger than the usual truck tank, but had no lettering on it. It bore an Illinois license plate on the rear but had no license plate in front. It had rear doors with a padlock on them and did not have any faucets such as regular oil-tank trucks have. (The officers testified that they saw no faucets on the rear of the truck and there was no testimony that there were faucets anywhere on it.) Otherwise, it had the appearance of an old greasy oil truck.

When stopped, appellant and his companion laughed

or smiled, got out of the truck, were placed under arrest by the officers and searched for fire arms. One of the officers asked if they had a key to the padlock and was informed that they had not. Another officer found that the padlock was not locked, pulled it open, opened the door, then opened a second or inner door and saw inside the tank a lot of paper cartons. The officers had no search warrant.

The officers asked the appellant what he had in the truck. He said he had high-power beer, that it was his maiden trip, and that he had got it in Detroit and was going to Chicago. Upon returning to the police station, the truck was unloaded. It contained 175 cartons or cases of Canadian beer (some containing one and one-half dozen and others two dozen bottles each), and there is an agreement in the record that a part of this beer which was tested by a chemist contained more than three and one-half per cent alcohol by volume.

Officers of the law are required to seize intoxicating liquors if they discover any person in the act of unlawfully transporting them in an automobile. §2748 Burns 1926. Peace officers are authorized to arrest and detain any person found violating the law until a legal warrant can be obtained (§2176 Burns 1926) and they may arrest without a warrant when they have reasonable and probable cause for believing a felony is being or has been committed. *Doering* v. *State* (1874), 49 Ind. 56, 19 Am. Rep. 669; *Harness* v. *Steele* (1902), 159 Ind. 286, 64 N. E. 875. The rules of law regulating the search of a house are not the same as those applicable to the search of automobiles and other vehicles which can be quickly moved, and, under proper circumstances, an automobile or other vehicle may be searched without a search warrant. It would be intolerable and unreasonable to authorize prohibition agents or other officers to stop every automobile on the chance of finding liquor,

and subject all persons using the highways to the inconvenience and indignity of a search, but if a search and seizure of an automobile without a warrant are made upon probable cause, that is, upon a belief reasonably arising out of circumstances known to the seizing officer that the automobile or other vehicle contains that which by law is subject to seizure and destruction, the search and seizure are valid. *Carroll* v. *United States* (1925), 267 U. S. 132, 45 Sup. Ct. 280, 69 L. Ed. 543, 39 A. L. R. 790.

The only question to be determined here is whether the arresting officers had such reasonable and probable cause to believe that the offense of unlawful transportation of intoxicating liquor in an automobile or other vehicle was being committed in their presence. If they had such reasonable and probable cause to so believe, they had the right to search and seize appellant's truck, but if they did not have such reasonable and probable cause to so believe, then the search and seizure were unlawful, and, under our cases, the evidence obtained thereby was improperly admitted against this appellant. The fact that officers had information from a source which was not disclosed that a certain make of automobile with a certain type of headlights was going to haul liquor over a certain road, together with the fact that the rear of the car was dusty, in *United States* v. *Allen* (1926), 16 Fed. (2d) 320, was held (and we believe correctly held) insufficient to establish reasonable and probable cause for the officers to search and seize an automobile. In the case at bar, the telephone call from an anonymous informant, in our opinion, was not alone sufficient to warrant a prudent and careful person, having due regard for the rights of others, to search appellant's truck. But, in addition to this information, the officers, by their observation of appellant's tank truck, became aware of the following circumstances which, added to

the "tip" from the unknown informant, warranted them in the reasonable belief that appellant was not engaged in the oil business, but was engaged in the illegal transportation of intoxicating liquor:   (1) An oil tank wagon without faucets indicated that it was not being used to haul oil; (2) the absence of lettering, name, or advertising matter was most unusual for a truck engaged in legitimate commercial operation; (3) the truck bearing but one license plate, and that of another state many miles distant, was on the main road between Detroit, a well-known point of origin of liquor cargoes, according to *Carroll* v. *United States, supra,* and Chicago, a well-known point of distribution for the same; (4) appellant stopped only after repeated demands by the armed officers; (5) the laughing demeanor of appellant and his companion is not what would be expected of innocent parties stopped by officers.

It follows that the search of appellant's truck was lawful and the evidence obtained thereby was properly admitted in evidence.

Judgment affirmed.