PEARMAN *v.* STATE OF INDIANA.

[No. 29,079.  Filed February 11, 1954.]

*Raymond O. Evans,* of Crawfordsville, and *Benjamin F. Stephenson,* of Rockville, for appellant.

*Edwin K. Steers,* Attorney General, and *Owen S. Boling,* Deputy Attorney General, for appellee.

EMMERT, J.—This is an appeal from a judgment sentencing appellant to the Indiana Reformatory for a term not less than one nor more than ten years,

entered upon the verdict finding him guilty of grand larceny. The error assigned is the overruling of motion for a new trial.

Appellant in his brief and on the argument here questioned the correctness of the court's intrinsic record. It is appellant's duty to present a proper record on appeal, *Shoffner* v. *State* (1884), 93 Ind. 519, 522, and we adhere to the rule that "The court speaks by its record, which is the order book." *Cook* v. *State* (1941), 219 Ind. 234, 37 N. E. 2d 63.[1]

Appellant was arrested on March 6, 1952, at about 1:30 o'clock P.M. and was taken to the county jail at about 2:00 P.M. The order book entry shows that an affidavit for grand larceny was filed on March 7, 1952, a bench warrant in the form prescribed by §9-1003, Burns' 1942 Replacement, was issued the same day, and the sheriff's return was that appellant was arrested the 7th day of March, 1952, but it did not disclose that he was taken before the court instanter as the warrant commanded. It is not necessary to decide whether the sheriff had a warrant issued upon a preliminary charge under §9-704(a), Burns' 1942 Replacement (Supp.). Grand larceny is a felony, and the sheriff was authorized to arrest without a warrant if he had reasonable cause to believe the felony had been committed and that appellant was guilty of the offense. *Faut* v. *State* (1929), 201 Ind. 322,

---

1. "Order book entries do not depend for their validity and stability upon memoranda entered in the bench docket. It is true that when action is taken, a record of which is omitted from the order book, minutes in the bench docket may be the basis for establishing that the order was made and the means by which it may be procured to be entered *nunc pro tunc*, and when an entry on the order book is inconsistent with the minutes made at the time the order was made, the minutes may be the basis for a correction." *Cook* v. *State* (1941), 219 Ind. 234, 238, 37 N. E. 2d 63.

168 N. E. 124; *Koscielski* v. *State* (1927), 199 Ind. 546, 549, 158 N. E. 902; *Doering* v. *State* (1874), 49 Ind. 56, 58, 59.

The order book entries disclose the defendant was in open court on March 20th, at which time counsel entered appearance for him and he waived arraignment and entered a plea of not guilty. Appellant testified he was in jail 7 days before he furnished bond.

Appellant insists the judgment must be reversed because he was denied representation by counsel, and his confession was coerced in violation of his rights under the Indiana Constitution and the Due Process clause of the Fourteenth Amendment. We have carefully examined the entire record to see if there is merit in either contention, and we find there is none.

Section 9-1607, Burns' 1942 Replacement, provides as follows:

"The confession of a defendant made under inducement, with all the circumstances, may be given in evidence against him, except when made under the influence of fear produced by threats or by intimidation or undue influence; but a confession made under inducement is not sufficient to warrant a conviction without corroborating evidence."

In construing this section of the statute in *Eiffe* v. *State* (1948), 226 Ind. 57, 77 N. E. 2d 750, this court approved the rules laid down in *Caudill* v. *State* (1946), 224 Ind. 531, 538, 539, 69 N. E. 2d 549, which are as follows:

"A confession is *prima facie* admissible in evidence and the burden of showing its incompetency, under the above statute, is upon the defendant. *Anderson* v. *State* (1933), 205 Ind. 607, 616, 186 N. E. 316; *Mack* v. *State* (1931), 203 Ind. 355, 372, 373, 180 N. E. 279; *Hicks* v. *State* (1937), 213 Ind. 277, 291, 11 N. E. 2d 171, 12 N. E. 2d 501.

"The admissibility of a confession is a question to be determined by the court. It may hear the evidence with respect to the confession in the absence of the jury, and from such evidence determine the competency of the offered confession. *Mack* v. *State, supra; Brown* v. *State* (1880), 71 Ind. 470; *Palmer* v. *State* (1893), 136 Ind. 393, 396, 36 N. E. 130; *Hamilton* v. *State* (1934), 207 Ind. 97, 109 N. E. 870.

"In *Mack* v. *State, supra,* at pages 371, 372 the court said:

" 'The securing of voluntary confessions from guilty criminals is to be desired, and the reasonable examination of prisoners charged with or suspected of crime is and should be allowed in the interest of public welfare and safety, but such examinations should be kept within proper bounds. The law protects persons charged with crime from ill or unjust treatment, and cruel and brutal methods should never be tolerated. *Bonahoon* v. *State* (1931), 203 Ind. 51, 178 N. E. 570. . . .'

" 'Confessions and admissions made voluntarily or under inducements other than fears produced by physical violence, threats, intimidation or undue influence are admissible in evidence.' "[2]

The appellant refused to sign a written confession, but the sheriff and peace officers were permitted to testify as to his oral confession made to them on March 7th. The evidence on the preliminary hearing as to its admissibility was conflicting, and under such circumstances this court will not weigh conflicting evidence given in the trial court. *Mack* v. *State* (1932), 203 Ind. 355, 180 N. E. 279; *Hamilton* v. *State* (1934), 207 Ind. 97, 190 N. E. 870; *Hicks* v. *State* (1937), 213 Ind. 277, 11 N. E. 2d 171, 12 N. E. 2d 501; *Schuble* v. *State* (1948), 226 Ind. 299, 304, 79 N. E. 2d 647. The mere fact that a confession has been made

2. The securing of voluntary confessions in a proper manner is to be encouraged. *Marshall* v. *State* (1949), 227 Ind. 1, 10, 83 N. E. 2d 763; *Schuble* v. *State* (1948), 226 Ind. 299, 305, 79 N. E. 2d 647.

while the accused is in custody does not render it inadmissible in the absence of evidence that it was coerced. *Marshall* v. *State* (1949), 227 Ind. 1, 83 N. E. 2d 763. However, the fact that the accused was in custody under the circumstances of the particular case may be considered in determining whether or not the confession was coerced. *Watts* v. *Indiana* (1949), 338 U. S. 49, 69 S. Ct. 1347, 93 L. Ed. 1801.

We do not condone the failure of the representatives of the State to bring appellant before the court where he was charged within a reasonable time after his arrest. But the record here fails to disclose a situation where the confession was coerced. Appellant said he was questioned for about two hours the day of his arrest,[3] and then he was taken to a cell usually used for women. He had a good bed and slept well that night. He never complained that he was not fed and there was no evidence he was threatened in any way. He had attended high school and for ten months studied in a business college in Terre Haute. His use of language on the witness stand was exceptionally proper and accurate. He was 28 years of age, was in business for himself and was supporting his wife and family. The morning of the 7th before the questioning began the sheriff told appellant "he was not required to make any statement he didn't want to make"—that any statement was to be free and voluntary on his part, that he was entitled to have an attorney, and that "anything he told us would be used against him," to which he answered, "that he understood his constitutional rights." Appellant then made an oral confession concerning his activities in the theft and disposition of the corn.

In *McNabb* v. *United States* (1943), 318 U. S. 332, 63 S. Ct. 608, 87 L. Ed. 819, the court held that fed-

3. The peace officers said the first questioning was the next day.

eral statutes requiring an accused to be brought promptly before a commissioner or committing officer, made a confession inadmissible if obtained after the statutes had been disregarded by the federal peace officers. But these statutes are only a limitation on the acts of federal officers, and have no application to state rules on admission of evidence.

We have never held the Indiana statutes requiring that an arrested accused be brought promptly into open court, require a confession to be excluded, if it is not obtained in violation of constitutional rights.

Nor do we find that he was denied representation by counsel. He made his confession less than 24 hours after his arrest, the sheriff never denied him the use of the telephone nor said he could not have a lawyer. His wife and relatives were permitted to see him during the usual visiting hours. He had competent counsel at the time of his plea of not guilty and at the time of trial.

Appellant also asserts that the judgment must be reversed because the State failed to comply with our statutory provisions on the defense of alibi. Sections 9-1631 to 9-1633, Burns' 1942 Replacement. With this contention we agree. Section 9-1631 requires the defendant in a criminal case to file and serve upon the prosecuting attorney a notice in writing of his intention to offer a defense of abili, stating therein specific information as to the exact place defendant was at the time stated in the charge. Section 9-1632 provides as follows:

"In the defendant's notice, as provided in the next preceding section, the defendant may also expressly require the prosecuting attorney to file and to serve upon the defendant or upon his counsel a specific statement in regard to the exact date which the prosecution proposes to present at the trial as the date when, and the exact place which the prosecution proposes to present at the trial as the place

where, the defendant was alleged to have committed or to have participated in the offense. If the defendant's notice requires such statement by the prosecuting attorney, or if the prosecuting attorney proposes to present at the trial as the specific date when the defendant committed or participated in the offense a date other than the date stated in the defendant's notice, the prosecuting attorney shall file and serve such statement upon the defendant or upon his counsel not later than eight [8] days before the trial. If the prosecuting attorney's statement to the defendant names a specific date other than the date which is stated in the indictment or affidavit and in the defendant's notice, the defendant shall not later than four [4] days after the filing of the prosecuting attorney's statement file and serve upon the prosecuting attorney defendant's second notice presenting for such changed date the same details required for the original notice." [Acts 1935, ch. 228, §2, p. 1198.]

The provisions of §9-1633, Burns' 1942 Replacement, material to this decision provide, "At the trial, if it appears that the prosecuting attorney has failed to file and to serve upon the defendant or upon his counsel the prosecuting attorney's statement as prescribed herein, the court shall, in the absence of a showing of good cause for such failure by the prosecuting attorney, exclude evidence offered by the prosecuting attorney to show that the defendant was at a place other than the place stated in the defendant's original notice and that the time was other than the time stated in the defendant's original notice." The cause was set for trial three times, and each time the defendant served a notice of alibi on the prosecutor and filed the same with the court. The order book entries disclose it was served upon the prosecuting attorney, but the record is entirely silent as to any good cause being shown to relieve the prosecuting attorney of his duty to serve upon the defendant notice of the exact place and time

the defendant was at a place other than the place stated in defendant's original notice at the time charged. Over the objection of appellant the State was permitted to introduce evidence that the theft of the ear corn occurred on the farm of Frank Haworth in Florida Township of Parke County, on Sandridge along the Wabash River bottoms the early morning of February 27, 1952. The alibi notice of the defendant asserted that on this date he was at home with the exception of the time between 8:00 A.M. and 1:00 P.M., "during which hours this defendant was operating his truck in the Mecca neighborhood collecting junk." The State's evidence was that the theft occurred during darkness.

The alibi statute, which is of material assistance in enabling the State to detect and disprove a fraudulent alibi, puts duties upon the State as well as the defendant. The defense of alibi is a legitimate defense, and if the accused takes the proper steps pursuant to the statute, the State must be required to discharge its duties, unless good cause be shown for failure so to do. For this error the cause must be reversed.

The record does not show the trial court committed any error in its rulings on the admission of the confession before the proof of the *corpus delicti*. There was independent evidence of the theft of the corn before the testimony on the oral confession. "In Indiana the independent evidence alone need not be sufficient to establish the *corpus delicti* beyond a reasonable doubt." *Parker* v. *State* (1949), 228 Ind. 1, 7, 88 N. E. 2d 556, 89 N. E. 2d 442. See also *Hunt* v. *State* (1939), 216 Ind. 171, 178, 23 N. E. 2d 681; *Gaines* v. *State* (1921), 191 Ind. 262, 132 N. E. 580; *Messel* v. *State* (1911), 176 Ind. 214, 218, 219, 95 N. E. 565; *Dennis* v. *State* (1952), 230 Ind. 210, 102 N. E. 2d 650.

It is not necessary to discuss other assertions of error as they may not occur on retrial.

Judgment reversed with instructions to the trial court to sustain appellant's motion for new trial.

NOTE.—Reported in 117 N. E. 2d 362.