Julie DOMMER et al., Plaintiffs,

v.

Richard HATCHER et al., Defendants.

No. 72 H 298.

United States District Court,
N. D. Indiana,
Hammond Division.

July 25, 1975.
Supplemental Order March 7, 1977.

Ivan E. Bodensteiner, Seymour Moskowitz, Valparaiso, Ind., for plaintiffs.

Charles A. Ruckman, J. Robert Miertschin, Jr., Gary, Ind., for defendants.

## MEMORANDUM OF DECISION AND JUDGMENT ORDER

ALLEN SHARP, District Judge.

Plaintiffs brought this class action under 42 U.S.C. § 1983 and the U.S. Constitution seeking declaratory and injunctive relief for the alleged unlawful practice of the Police Department of the City of Gary, Indiana, in arresting individuals on suspicion and holding them for investigation, for periods exceeding twenty-four (24) hours, without filing charges against them or bringing them before a magistrate for a determination of whether the police have the requisite probable cause to hold them. Plaintiffs contend that this practice of "holding for investigation" violates their rights guaranteed under the Fourth Amendment of the U.S. Constitution and Indiana Statutes.

Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343(3) and (4).

The named plaintiffs are members of a class as certified by order of this Court who are unable to acquire counsel upon being arrested and incarcerated in the Gary City Jail for unreasonable periods of time without being charged. The defendants are various officials of the City of Gary and Lake County, named individually and in their official capacities.

This matter is before the court on the plaintiffs' motion for partial summary judgment filed on March 17, 1975. The defendants were granted until April 11, 1975, to respond to plaintiffs' motion. This Court has received no such response from defendants and makes its findings consistent with Rule 56 of the Federal Rules of Civil Procedure.

The facts alleged in this case state that plaintiffs and members of the class have been incarcerated pursuant to warrantless arrests, and held at the sole discretion of the defendant police and prosecutor. Admissions of fact filed in this case have shown that persons are being held for periods often exceeding a week without being notified of the charges being brought against them and without opportunity for a magistrate to determine whether probable cause exists for their detention. Many of these persons are held for extended periods of time and released without ever being charged with an offense or without ever appearing before a magistrate.

The admissions of fact further demonstrate the widespread practice of the Gary Police Department in detaining persons over three (3) days without being charged or appearing before a magistrate. The three (3) day holding periods are not, however, to be considered representative of how long an individual may be held without charges. There are cases in which individuals have been detained for periods longer than three days without being charged or appearing before a magistrate. (One individual who the police had booked as a "mental" was held twenty-three (23) days without being charged with a crime.)

Other instances of the extensive abuse of plaintiffs' rights are also represented in the admitted facts. For example, in the one (1) year period from March, 1973, through March, 1974, defendants have admitted holding thirty-one (31) individuals, twelve (12) of whom were never charged, but were held in jail an average of eleven and four tenths (11.4) days before being released. The remaining nineteen (19) individuals were held an average of eight and one tenth (8.1) days before being charged with an offense. Defendants have also admitted that during the four month period from

May, 1974, through August 26, 1974, thirty-seven (37) individuals were held, fifteen (15) of which were never charged, but were incarcerated an average of six and eight tenths (6.8) days before being released. The remaining twenty-four (24) were held an average of five (5.0) days before being charged.

The facts, then, undeniably indicate that defendants are holding persons on the authority of the police arrest alone without promptly charging them and without a hearing before a magistrate.

There are two questions for determination presently before this Court. First, whether those persons who are arrested on suspicion and held for investigation for periods exceeding twenty-four (24) hours without having charges brought against them and without being brought before a magistrate for a determination of probable cause for detention, are being denied their Constitutional rights under the Fourth Amendment. Secondly, if such persons are entitled to preliminary hearings on the issue of probable cause, what limitations must be set upon those hearings to insure their proper use?

### I.

In considering whether or not those persons arrested on suspicion and held for investigation have a right to preliminary hearings, this Court relies on the recent Supreme Court decision in *Gerstein v. Pugh*, 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975). The unanimous Court in *Gerstein* found that any defendant who is charged by prosecutor's information and arrested without a warrant must, as a matter of Fourth Amendment right, be afforded a prompt probable cause hearing.

The *Gerstein* Court spoke on the importance of a preliminary hearing to our criminal process:

Once the suspect is in custody, however, the reasons that justify dispensing with the magistrate's neutral judgment evaporate. There no longer is any danger that the suspect will escape or commit further crimes while the police sub-

mit their evidence to the magistrate. And, while the State's reasons for taking summary action subside, the suspect's need for a neutral determination of probable cause increases significantly. The consequences of prolonged detention may be more serious than the interference occasioned by arrest. Pretrial confinement may imperil the suspect's job, interrupt his source of income, and impair his family relationships. . . . When the stakes are this high, the detached judgment of a neutral magistrate is essential if the Fourth Amendment is to furnish meaningful protection from unfounded interference with liberty. Accordingly, we hold that the Fourth Amendment requires a judicial determination of probable cause as a prerequisite to extended restraint on liberty following arrest. 95 S.Ct. at 863.

■ Personal liberty is a precious right—becoming even more precious in its absence. The risk of losing one's liberty cannot be further endangered by inadequate and unprotective criminal procedures. Therefore, the State must avail prospective detainees with a means whereby liberty is lost only upon a showing of probable cause for detention. To that end, the legislature has effectuated procedures whereby the right to liberty is sheltered against arbitrary action on the part of arresting officers. Rule 5, Federal Rules of Criminal Procedure.

This Court will not sanction the disregard of procedural rules designed to safeguard personal rights. These rules for dealing with arrested individuals are not merely perfunctory in nature. Rather, their purposes are meaningful and their use indispensable.

In *McNabb v. United States*, 318 U.S. 332, 343–344, 63 S.Ct. 608, 614, 87 L.Ed. 819 (1943), Mr. Justice Frankfurter described the danger inherent in a system wherein an individual faces prolonged imprisonment upon the sole authority of the police and/or prosecutor:

. . . A democratic society, in which respect for the dignity of all men is cen-

tral, naturally guards against the misuse of the law enforcement process. Zeal in tracking down crime is not in itself an assurance of soberness of judgment. Disinterestedness in law enforcement does not alone prevent disregard of cherished liberties. Experience has therefore counseled that safeguards must be provided against the dangers of the overzealous as well as the despotic. The awful instruments of the criminal law cannot be entrusted to a single functionary. The complicated process of criminal justice is therefore divided into different parts, responsibility for which is separately vested in the various participants upon whom the criminal law relies for its vindication. Legislation such as this, requiring that the police must with reasonable promptness show legal cause for detaining arrested persons, constitutes an important safeguard—not only in assuring protection for the innocent but also in securing conviction of the guilty . . . .

█ The facts established in this case indicate that the plaintiffs and members of the class they represent are entitled to the prompt probable cause determination required by the United States Constitution as interpreted in *Pugh, supra.* Unless such a determination is made, the foundations of criminal justice will crumble under the weight of police and/or prosecutorial authority. This Court will not allow injustice to infect a criminal system which prescribes fairness and neutrality at all phases.

However, before providing the relief called for in this proceeding, the Court is first obligated to examine Indiana's pretrial procedure in order to shape a result that would be in accord with the state's criminal system as a whole. 95 S.Ct. at 868.

Indiana laws allow its police to make warrantless arrests, but its statutes and judicial interpretations make clear that the arrest must be reviewed by a magistrate for probable cause. If the magistrate finds probable cause for arrest, a lawful arrest warrant may issue; if the magistrate does not find probable cause, the defendant is to be released. This was the holding of the Indiana Supreme Court in *State ex rel. French v. Hendricks Superior Court,* 252 Ind. 213, 247 N.E.2d 519 (1969). See also *Kinnaird v. State,* 251 Ind. 506, 242 N.E.2d 500, 506 (1968). ("A judicial determination is a requirement that goes to the heart of the Fourth Amendment.")

In addition to the case law cited above, Indiana statutes also require the police to bring persons arrested without a warrant before a magistrate and submit evidence to justify the issuance of an arrest warrant. The Indiana Supreme Court in *Nacoff v. State,* 256 Ind. 97, 267 N.E.2d 165 (1971). held that the arrestee should have been taken promptly before the magistrate:

Appellant was held absolutely *incommunicado* for the four and half days prior to his giving the statement Appellant was not taken promptly before a magistrate as required by law. I.C.1971, 35–1–7–1; 35–1–8–1; 35–4–1–1; 9–4–1–130; 18–1–11–8; 18–4–12–16, being Burns §§ 9–701; 9–704; 9–704a; 47–2307; 48–6112; 48–9416; *Pearman v. State* (1954), 233 Ind. 111, 117 N.E.2d 362.

*Id.* at 168.

The court then outlined what Indiana law requires at the initial appearance before a magistrate:

The purpose of this hearing before a magistrate is threefold: (1) Advise the arrestee of the charges against him; (2) Advise the arrestee of his constitutional rights; (3) Provide arrestee with an attorney if arrestee was without funds to hire one; (4) Determine whether there is sufficient evidence that the crime charged has been committed and that the accused committed it . . .

*Id.* at 168.

A recent statute codifies the *Nacoff* probable cause requirement stating in part:

. . . Whenever an information is filed and the defendant has already been arrested or otherwise brought within the custody of the court, the court shall proceed to determine whether probable cause existed for the arrest of the defendant unless the issue of probable cause has previously been determined by a court

issuing a warrant for the defendant's arrest or by a court holding a preliminary hearing after the defendant's arrest.

I.C.1971, 35–3.1–1–1(d), Ind.Ann.Stat. § 9–903(d) (Burns 1956 Repl., 1974 Supp.)

There is no doubt that the requirements of the Indiana Statutes providing for judicial determination of probable cause are costly requirements. However, these costs are minimized by the even greater costs of maintaining a jail which needlessly houses innocent persons.

In *Pugh v. Rainwater*, 332 F.Supp. 1107 (1971), the court focused in on the cost aspect of preliminary hearings when it stated: (at 1114)

> [T]he grievous loss is that of one's freedom and the countervailing governmental interest is that of the state in avoiding the burden of preliminary hearings. Although the state may incur additional expense in expanding its existing committing system to include hearings for direct information cases, this expense will be more than offset by the savings in jail and trial costs regarding those persons heretofore jailed and/or tried without probable cause. Moreover, these financial considerations are so grossly overbalanced by the prolonged loss of freedom by innocent persons that further comment is unnecessary.

The taxpayers of this community have labored under a near intolerable burden of the spiraling cost of combating crime. The expense of maintaining a jail, with many persons who would never be there in the first instance if their case had been reviewed by a judge in an effective committing magistrate system, will be substantially less than its present cost and will certainly be a tangible benefit to all citizens of this community.

■ Based on the foregoing reasons, this Court finds that the practices of the Gary City Police Department in holding plaintiffs for investigation without filing charges against them and without bringing them before a magistrate for a judicial determination of probable cause are violative of plaintiffs rights secured by the Fourth Amendment of the U.S. Constitution and Indiana Statutes.

## II.

Having resolved the necessity for a judicial determination of probable cause for detention, it now becomes the function of this Court to decide limitations surrounding the use of such hearings in the Gary City Police Department consistent with the Supreme Court's ruling in *Gerstein v. Pugh*, supra.

While this Court recognizes the value of preliminary hearings, it is not the Court's intent to thwart the State's responsibilities in controlling crime and protecting its citizens. This Court cannot impose regulations which would work only to cripple the State's criminal process. A criminal procedure overburdened by cumbersome and purposeless regulations would ultimately develop into no procedure at all. Clearly, an unworkable set of regulations imposed on the Gary City Police Department would undermine the functions intended to be served in determining whether sufficient evidence exists to warrant an arrestee's detention.

■ The regulations set forth by this Court must take into account the realities of our society. Law enforcement is an arduous task. As crime increases, so do the duties of law enforcement. A plan providing for preliminary hearings ordered by this Court must therefore, balance the interests of the State *and* society. The plan ordered must assure protection for the innocent while securing conviction of the guilty by methods that commend themselves to a progressive and self-confident society. *Mallory v. U. S.*, 354 U.S. 449, 77 S.Ct. 1356, 1 L.Ed.2d 1479 (1957).

Although there is a duty to bring an arrested person before a magistrate without unnecessary delay, the procedure does not call for mechanical or automatic obedience. There are circumstances in which a brief delay can be justified, i. e. where the story volunteered by the accused is susceptible to quick verification by a third party. *Mallory*, 354 U.S. 449, 455, 77 S.Ct. 1356, 1360, 1 L.Ed.2d 1479 (1957).

■ However, in most cases, I.C. § 18-1-11-8 (1974) (Burns § 48-6112) requires that the magistrate review the basis for arrest not later than twenty-four (24) hours after it occurs. The court also notes that the defendant prosecutor has admitted at page three (3) of his Motion to Dismiss filed February, 1975, that:

. . . The law guarantees that an independent magistrate review the basis for detaining anyone for longer than a 24-hour period; Ind.Ann.Stat. 48-6112 (Burns 1974 Supp.). Absent such a determination and issuance of a warrant detention of a citizen becomes unlawful.

The commencement of criminal charges is accomplished when the prosecuting attorney brings an information affidavit or an indictment in the appropriate court. Ind.Ann.Stat. 9-903(b) (Burns 1974 Supp.). See also *Stilts v. State*, at 298 N.E.2d 466.[1]

Furthermore, the city defendants in their motion opposing the dismissal of the prosecutor, agree with the above statement of the law. This court also agrees that a person must be brought before a magistrate within twenty-four (24) hours of arrest but it does not agree with the prosecutors' further contention that "even if the police agency presents the case within the required 24 hours, if the investigation is not completed so as to establish probable cause, charges cannot be brought." The Supreme Court specifically disapproved this procedure in *Gerstein v. Pugh,* supra, stating that because the standards for arrest and detention are the same, there is no need for further investigation before the probable cause determination can be made.

Presumably, whomever the police arrest they must arrest on "probable cause." It is not the function of the police to arrest, as it were, at large and to use an interrogating process at police headquarters in order to determine whom they should charge before a committing magistrate

on "probable cause." *Mallory v. U. S.,* 354 U.S. 449, 456 [77 S.Ct. 1356, 1 L.Ed.2d 1479] (1957).

95 S.Ct. at 866, n. 21.

■ Thus, it must be concluded that if further investigation is needed after the arrest, the police have arrested without the requisite probable cause and the individual must be released. If "probable cause" is in doubt the "investigation" must precede the arrest; anything less results in the serious infringement of the Fourth Amendment right to be secure in one's person.

### ORDER

Therefore, it is hereby ordered, adjudged and decreed:

The Court finds there is no genuine issue as to any material fact and therefore, the plaintiffs' motion for partial summary judgment is granted. The defendants' practice of arresting individuals on "suspicion" or "for investigation" and holding them for periods in excess of twenty-four (24) hours without an initial appearance before a magistrate deprives the plaintiffs of rights guaranteed by the Fourth Amendment of the United States Constitution, Article 1, § 11 of the Indiana Constitution, and Indiana Statutes: I.C.1971, 35-1-7-1; 35-1-8-1; 35-4-1-1; 35-3.1-1-1(d); 9-4-1-130; 18-1-11-8; 18-4-12-16, being Burns §§ 9-701; 9-704; 9-704a; 9-903(d); 47-2307; 48-6112; 48-9416.

Defendants, their successors in office, agents and employees are ordered, within thirty (30) days:

A) To implement the following procedures for assuring that the plaintiffs and the class they represent will be afforded an initial appearance before a magistrate within twenty-four (24) hours of arrest where the detainee must be informed of his constitutional rights and a probable cause determination made by the magistrate. This procedure would be followed within seven (7) days with a preliminary hearing similar to procedures in *Coleman v. Alabama*, 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387 (1967).

---

1. Ind.Ann.Stat. 9-704a (Burns 1974 Supp.) IC 1971, 35-4-1-1, provides a procedure for a preliminary charge. An initial appearance however would still be required to determine probable cause and appointment of counsel.

1. *Initial Appearance Before a Magistrate.* An officer making an arrest under a warrant or an arrest without a warrant shall (pursuant to Indiana's Constitution and Statutes, and the United States Constitution) take the arrested person without unnecessary delay before a judicial magistrate. If the arrest is made during the hours the court is not in session, the arrestee shall be admitted to bail at the police station or detained until there shall be an opportunity for such hearing at the earliest practicable time, or until he shall have given bond for his appearance. But no person shall be detained longer than twenty-four (24) hours without such examination, except where Sunday intervenes, in which case no person shall be detained longer than forty-eight (48) hours.

2. *Probable Cause Determination by the Magistrate.* Upon the arrestee's initial appearance the magistrate shall inform him of the charge and provide him with a written copy thereof. The magistrate must further determine whether there is sufficient evidence that the crime charged has been committed and that the accused committed it. If from the evidence the magistrate determines that there is probable cause for the arrest, he shall either admit the arrestee to bail or commit him to custody; otherwise, the magistrate shall release him.[2]

B) Submit a monthly report to the plaintiffs' counsel listing the names of all detainees in the Gary City jail, the time and date of their incarceration, and the time and date of their initial appearance before a magistrate for the next calendar year.

The parties will be given thirty (30) days in which to file supplemental briefs directed to the issues of attorneys fees and costs and an accounting of actual costs.

Furthermore, the Court grants the parties herein leave to file any proposed amendments to this Order by August 29, 1975.

SUPPLEMENTAL ORDER *

Defendants, their successors in office, agents and employees are ordered:

■ A. To implement the following procedures for assuring that the plaintiffs and the class they represent will be afforded an initial appearance before a magistrate within twenty-four (24) hours of arrest where the detainee must be informed of his constitutional rights and a probable cause determination made by the magistrate.

1. *Initial appearance before a magistrate:*

An officer, or a duly designated substitute thereof having factual knowledge of the said arrest, making an arrest under a warrant or an arrest without a warrant shall (pursuant to Indiana's Constitution and statutes and the United States Constitution) take the arrested person without unnecessary delay before a judicial magistrate. The word "magistrate" as used herein shall include any judge of a circuit, superior, city, or county court, any *pro tem* or assistant judge of any such court, or any person duly appointed by any such court or judge thereof to determine probable cause for the arrest of the detainee pursuant to this order, provided that the magistrate is neutral and detached, competent to determine probable cause and, in fact, does make a *bona fide* determination of probable cause. If the arrest is made during the hours the court is not in session, the arrestee shall be admitted to bail at the police station or detained until there shall be an opportunity for such hearing at the earliest

---

**2.** Based on the reasoning set out in *Gerstein v. Pugh, supra,* this Court will not impose the requirement of appointed counsel at the probable cause determination. The probable cause issues can be determined reliably without the normal adversary safeguards.

* This order presents clarifying additions to this Court's order of July 25, 1975.

practicable time, or until he shall have given bond for his appearance. But no person shall be detained longer than 24 hours without such examination, except where a Sunday (or legal holiday) intervenes, in which case no person shall be detained longer than 48 hours. If an arrestee is physically or mentally incapable of appearing before the magistrate within these time periods, a determination of probable cause for arrest may be made in his absence. However, if probable cause for arrest is found, the arrestee will be brought before the magistrate as soon as he is physically and mentally able to be informed of the charge and of his constitutional rights, and appointed counsel if he is without funds to hire one.

### 2. *Probable cause determination by magistrate:*

Upon the arrestee's initial appearance, the magistrate shall inform him of the charge and provide him with a written copy thereof. The magistrate must further determine whether there is sufficient evidence that the crime charged has been committed and that the accused committed it. If, from the evidence, the magistrate determines that there is probable cause for the arrest, he shall either admit the arrestee to bail or commit him to custody; otherwise, the magistrate shall release him.

The probable cause determination at the initial appearance will be excepted where a clerk of the court in Lake County, Indiana, has issued a warrant for the arrest of a person or persons founded upon an indictment of a grand jury duly returned; and excepted, additionally, whenever an information is filed and the detainee has not been arrested or otherwise brought within the custody of the court, and a duly authorized court has caused the clerk thereof to issue a warrant for the arrest of the detainee after first determining that probable cause exists for the arrest. In each of these two excepted instances the court shall cause the amount of the bond to be noted on the face of the warrant, if any bond is permissible under the laws of the State of Indiana. Additionally, in these two excepted instanc-

es, following arrest of the detainee, an initial appearance will be conducted where the arrestee will: 1) be informed of the charges against him; 2) be advised of his constitutional rights; and 3) be provided with an attorney if he is without funds to hire one.

At the initial appearance, the charge shall be entitled "preliminary" and the arrestee shall not be allowed to enter a plea to the crime so preliminarily charged or to any other charge and any attempt to so plead will be thereafter treated and deemed a nullity. In the cases where the magistrate has determined that there has been probable cause for the arrest he shall certify such findings to the clerk of the court having jurisdiction thereof, and such clerk shall duly record such finding. The clerk shall subsequently issue a warrant for the arrest of the arrestee upon the filing of the criminal information, duly approved by the prosecuting attorney or his deputy, without additional findings of probable cause therefor. On the arrest warrant, the name of the magistrate making the probable cause determination shall be duly noted. Attached to the arrest warrant shall be either a transcript of the probable cause hearing or the written affidavits which supported the determination of probable cause for arrest. The crime charged at the arrestee's initial appearance shall not be a limitation on the specific crime charged thereafter or the number of crimes charged.

B. Submit a monthly report to this court listing the names and addresses of all detainees, the times and dates of their incarceration, the time and dates of their initial appearance before a judicial official, and the times and dates of the release from custody of these detainees for the next calendar year.

In all other respects the order of July 25, 1975 is restated. This order shall be implemented immediately and all stay orders previously entered are now withdrawn.