## CLINE *v.* GOULD.

[No. 2,294. Filed May 26, 1897.]

APPEAL.—*Dismissal for Failure to File Brief.*—An appeal that has been dismissed for failure of appellant to file brief within sixty days as required by rule XIX of Appellate Court, will not be reinstated on the ground that appellant's attorney charged with the duty of preparing such brief was sick and unable to prepare the same, it not being shown why an extension of the time for filing brief was not applied for.

From the Madison Superior Court. *Petition to reinstate appeal overruled.*

*D. W. Wood, W. S. Ellis* and *Goodykoonts & Ballard,* for appellant.

*Miller, Winter & Elam,* for appellee.

HENLEY, J.—This cause was dismissed under rule XIX of this court, which is as follows:

"Where a cause is submitted on call, by agreement, or upon notice the appellant shall have sixty days in which to file a brief, and if a brief is not filed within the time limited, the clerk shall enter an order dismissing the appeal, unless the appellee shall have filed with the clerk a written request that the cause be passed upon by the court. If cross-errors are assigned, the party assigning them shall have the same length of time to file a brief thereon, and if a brief is not filed within the time the cross-errors shall be struck out."

Appellant now seeks, by motion, to reinstate the appeal. The affidavit of one of the attorneys of record for appellant, filed with the motion to reinstate, sets up, in substance, the following facts: That affiant, David W. Wood, is one of the attorneys for the appellant in the above entitled cause; that this cause

was submitted on the 14th day of December, 1896, and that appellant's brief was filed in the clerk's office some time about the 15th, 16th or 17th of February, 1897, the exact date of which affiant is not able to state; that affiant had been designated by his co-counsel as the attorney to prepare and file the appellant's brief in this cause, and that pursuant to said understanding he began the preparation of said brief along about the last week in January, 1897, and after having it partly prepared was taken down with an attack of la grippe, and was unable to be at his office for more than ten days; all of which was prior to the expiration of the sixty days; and that affiant says that his partner, W. S. Ellis, was, during said time, also sick, and away from the office, and that neither affiant nor his partner were able to complete said brief; immediately after being able to get to his office, affiant completed the brief and sent it to the clerk of the court to be filed; that affiant and his partner are the senior counsel in this cause and brought appellant's action for him; that the firm of Goodykoonts & Ballard were retained in said cause after the filing of the amended complaint, and never at any time took a leading part in the management of said cause, but only assisted at the trial; and that said last named firm took no part in the briefing of this cause in this court; that the failure to file said brief within the sixty days given by the rule was unavoidable and not in any way the result of the fault or neglect of this affiant, but solely on account of his and his said partner's sickness; and that appellant has a meritorious cause of action.

The rule quoted is one that allows a reasonable time for the attorneys to prepare and file their briefs, and at the same time it insures to a litigant a speedy consideration of his case. If counsel for appellant, knowing the time within which they were re-

quired to file their brief, had applied to this court for an extension of time, within which to file the same, and had properly brought the facts, as stated in the motion to reinstate, before the court in an application for an extension of time, the time would, no doubt, have been extended. The affidavit accompanying the motion to reinstate states no reason why an extension of time was not asked for. It is the practice of both this court and the Supreme Court to strictly enforce the rule dismissing appeals for a failure upon the part of counsel to file a brief within the time allowed there-in. It is absolutely necessary, to insure the speedy determination of causes, that this be done.

The motion to reinstate is overruled.