ZIEGLER, JR., BY GUARDIAN AD LITEM, v.
ZIEGLER, SR., ET AL.

[No. 6,283.    Filed March 19, 1908.]

1. APPEAL.—*Briefs.*—An alleged defective answer will not be considered on appeal, where appellant fails to set such answer out in his brief.  p. 432.

2. SAME.—*Bills of Exceptions.*—*Signing.*—Where the judge's certificate to a bill of exceptions states that such bill "is now received; and the court desiring to hold the same for inspection and correction, if such may be necessary, signs and seals the same for this purpose" within the time allowed for the filing thereof, such bill is not in the record, and questions depending thereon cannot be considered on appeal.  p. 433.

From Superior Court of Vanderburg County; *Alexander Gilchrist,* Judge.

Suit by Mary Rompf against Jacob Ziegler and others. From the decree entered, Jacob Ziegler, Jr., appeals. *Affirmed.*

*Iglehart & Taylor* and *Philip C. Gould,* for appellant.
*Peter Maier,* for appellees.

RABB, J.—It is not easy to understand from the appellant's brief what question the record in this cause presents for the decision of this court. The suit was brought for the partition of real estate. Originally Jacob Ziegler, Sr., was the only party defendant. The appellant, Jacob Ziegler, Jr., by his guardian *ad litem,* applied to be made a party defendant. His petition being granted, he filed an answer in four paragraphs. The appellees' demurrer to the second paragraph was sustained, and this action of the court 1. is relied upon as an error. The paragraph of answer in question is not set forth in appellant's brief, and no objections to it are pointed out. Under the rules of this court no question is thereby presented for our decision.

The only errors relied upon, and the ones that are discussed in appellant's brief, are presented by appellant's mo-

tion for a new trial, and relate to the action of the court in reference to the admission of evidence, and whether the evidence is sufficient to sustain the finding of the court. The judge's certificate to the bill of exceptions is as follows:

"The defendant, Jacob Ziegler, Jr., by his guardian *ad litem,* now tenders this, his bill of exceptions, and prays that the same may be signed and sealed and made a part of the record, and the same is now received; and the court desiring to hold the same for inspection and correction, if such may be necessary, signs and seals the same for this purpose, the 6th day of November, 1905, said date being within the time allowed by this court for the presentment and filing of this bill of expections."

This is a mere certificate of the judge that the bill of exceptions was presented to him within the time allowed for the filing of a bill. It is not a certificate that the bill of exceptions is a full, true and correct transcript of the evidence given upon the trial, and presents no question.

The judgment is affirmed.

Roby, J., absent.