WAGGONER ET AL. *v.* STANCLIFFE ET AL.

[No. 16,768. Filed March 4, 1942.]

*Fred M. Cargo* and *Raymond Ruff*, both of East Chicago, for appellants.

*Royal L. Lease,* of Valparaiso, for appellees.

STEVENSON, J.—The appellees filed a complaint in this action to establish and foreclose a lien against approximately four acres of real estate situated in Porter County, Indiana.

The complaint alleged that Blanche I. Stancliffe was a second childless widow, the wife of Robert E. Stancliffe who died on the 23rd day of July, 1932; that the only property of any kind or character left by the said decedent was the four acres of real estate described. The

complaint further alleged that Hazel Stancliffe Haight Waggoner, a daughter by a former marriage of said decedent, was appointed administratrix of said estate and duly administered thereon, but failed and refused to pay to the plaintiff, widow of the decedent, her statutory allowance of $500.00 or any part thereof. The complaint accordingly prayed that this claim be established as a lien against the real estate. To this complaint, the appellants filed an answer in general denial, and the second paragraph was on the theory of former adjudication, in which they alleged the fact to be that the appellant, as administratrix of the estate, had filed her final report thereon, which report was approved on the 24th day of November, 1933, and the appellant was released from her trust and the estate was ordered closed. The answer further alleged that on October 11, 1934, the appellees filed a complaint in partition asking to have her interest in said real estate set off to her, which resulted in a judgment for the appellants. Replies in general denial to the second paragraph of answer closed the issue.

The case was submitted to the court for trial; and the court found for the appellees and against the appellants, and ordered the real estate sold to pay the appellees' claim for $500.00. A motion for new trial was filed and overruled, and this appeal has been perfected. The only error properly assigned in this court is the alleged error in overruling the appellants' motion for a new trial. Under this assigned error, the appellants challenged the sufficiency of the evidence to support the judgment of the court.

The appellees contend that the bill of exceptions upon which the appellants rely is insufficient to present this question. It is our opinion that the appellees are correct in this contention.

The transcript and record before us does not sufficiently identify the bill of exceptions containing the evidence that was presented to the trial court in this case. Appearing on page 42 of the record before us, on a sheet of paper otherwise blank, appears this statement in longhand: "The above transcript was approved and signed by me in open court on the 5th day of February, 1941. Mark B. Rockwell, Judge, Porter Superior Court." What instruments or record are included in this transcript referred to nowhere appears. It will be noted that the court nowhere certifies what evidence was given at the trial of the case, nor is there any reference in the certificate sufficient to enable this court to ascertain the same. On page 44 of the record, what purports to be an order book entry of the clerk, reads, in part, as follows:

> "Come now the defendants herein by counsel, and file with the Court their bill of exceptions containing the evidence in this cause of action in so far as can be ascertained . . . ."

It is impossible for this court to say, from a reading of the order book entry, what constituted the bill of exceptions so filed. Neither in the record nor in the certificate of the judge does it appear that all the evidence given in the cause is included in what was intended as a bill of exceptions.

> ". . . It has long been the rule that to make a bill of exceptions sufficient to present the question here involved the bill must contain a statement or the certificate of the judge 'that it contains all of the evidence given in the cause' or words of equivalent import, . . . ." *McMurran* v. *Hannum* (1916), 185 Ind. 326, 330, 113 N. E. 238.

It is our opinion that the certificate of the judge is wholly insufficient to properly authenticate any of the

evidence offered or proceedings had at the trial of this cause; neither does it certify that the bill of exceptions contains full and correct copies of the exhibits offered in evidence in said cause. The purported bill of exceptions is accordingly insufficient to present any question. *Ziegler* v. *Ziegler* (1908), 41 Ind. App. 432, 84 N. E. 19.

The appellant having failed to present any question for our consideration, the judgment of the trial court is accordingly affirmed.

Judgment affirmed.

NOTE.—Reported in 39 N. E. (2d) 796.