WINN v. O'NEAL, SHERIFF, ETC. ET AL.

[No. 29,469.   Filed January 29, 1957.]

*William C. Erbecker*, of Indianapolis, for appellant.

*Edwin K. Steers*, Attorney General, *Owen S. Boling* and *Richard M. Givan*, Deputy Attorneys General, for appellee.

ACHOR, C. J.—This is an attempted appeal from an order denying appellant's petition for a writ of habeas corpus, to which appellees have filed a motion to dismiss.

The petition was filed, and denied in the Superior Court of Marion County, Room 4, and it affirmatively appears from the record that all the evidence was heard by the Honorable Walter Pritchard, regular judge of that court. However, at the outset we are confronted by the fact that the transcript bears the certificate of Norman E. Brennan, as Judge, and not the Honorable Walter Pritchard. There is no certificate by the Honorable Walter Pritchard, nor is there any statement in the record which justifies his failure to execute such certificate. It is elemental that the certificate of the judge is necessary to make it a complete bill. *Huffman* v. *Thompson* (1912), 177 Ind. 366, 98 N. E. 113; *Keeshin Motor Exp. Co.* v. *Glassman* (1942), 219 Ind. 538, 38 N. E. 2d 847.

This court has stated the rule that "The judge who presides at the trial of a cause shall, if available, rule on the motion for a new trial, if one is filed, and shall sign all bills of exceptions, if such are requested. The unavailability of any such trial judge shall be determined and shown by a court order made by the judge then presiding in such court." Rule 1-9.

However, the rule is now established that the failure to file the bill of exceptions is not jurisdictional. Therefore, it is not ground for dismissal of the appeal. However, if, as in this case, no questions are presented by the appeal other than those which depend upon a bill of exceptions, the judgment below will be affirmed. See Flanagan, Wiltrout & Hamilton's Indiana Trial & Appellate Practice, ch. 45, §2288, p. 97.

Furthermore, in support of his motion to dismiss, appellees cite the fact that the transcript in this case was filed with the Clerk of this court on August 6, 1956. Rule 2-15 requires that appellant's brief be filed within 30 days. We are confronted by the

fact that appellant, on August 16, 1956, filed in this case a petition for extension of time in which to file a brief in an appeal from a finding and judgment in a proceedings "For writ of habeas corpus in the Marion Criminal Court, Division 1, before the Hon. Frank Morton, Judge, pro tem." The petition for extension of time was granted, but it being related to a proceedings other than the subject of this appeal, it could not serve to extend the time for filing of briefs in this case.

Thereafter, on September 17, 1956, appellant filed a second petition for extension of time in this case, which petition was granted. However, such extension of time by this court was inoperative since it was obtained after the time fixed for filing the brief had already expired and the filing of briefs within the time fixed by rule (except for recognized cause) is jurisdictional with this court. Rule 2-16.

The rule of procedure in such circumstances has been stated as follows:

"The Supreme Court has recently held that where no question is presented by the appeal, and appellee files a motion to dismiss the appeal, the court may affirm the judgment rather than dismiss. *Waggoner* v. *State* (1949), 227 Ind. 269, 85 N. E. 2d 642; *Anderson* v. *State* (1950), 228 Ind. 491, 93 N. E. 2d 201.

"If for some reason the judgment must be affirmed, no ruling need be made upon a pending motion to dismiss. *Delaney* v. *Gubbins* (1914), 181 Ind. 188, 104 N. E. 13." Flanagan, etc., Indiana Trial & Appellate Practice, ch. 51, §2521, p. 222.

Judgment is therefore affirmed.

Arterburn, Bobbitt, Emmert and Landis, JJ., concur.

NOTE.—Reported in 139 N. E. 2d 536.