ROONEY *v.* CITY OF EAST CHICAGO ET AL.

[No. 19,009. Filed March 24, 1958. Rehearing denied May 13, 1958. Transfer denied September 9, 1958. Motion to Recall Mandate and Reconsider Order Denying Transfer dismissed December 5, 1958.]

*William S. Isham,* of Fowler and *Jay E. Darlington,* of Hammond, for appellant.

*Cecil B. Cohen,* former City Attorney of East Chicago, *Joseph Meszar,* City Attorney of East Chicago, *Mayer, Friedlich, Spiess, Tierney, Brown & Platt, Herbert A. Friedlich,* of Chicago, Illinois, *Joseph J. Daniels, Karl J. Stipher, Stephen W. Terry, Baker & Daniels,* of counsel, all of Indianapolis, and *Alfred Ringer,* of Williamsport, for appellees.

PER CURIAM.—This case was submitted on October 1, 1957, and under Rule 2-15 the appellant's brief was due October 31, 1957. On October 29, 1957, the appellant filed a petition for an extension of time to and including December 31, 1957, in which to file said

brief. Upon a consideration of such petition this court concluded, in its discretion, that a 61 day extension was too long in the interest of the speedy administration of the business pending before us, and on October 30, 1957, extended the time for filing such brief to and including December 2, 1957, thus cutting down the time prayed for by about one-half. Nowhere has the appellant charged that he received no timely notice of the court's order in this respect. On December 2, 1957, the appellant had neither filed his brief nor filed a petition for an additional extension of time to file the same and on December 9, 1957, the clerk of this court entered the following order: "No appellant's brief having been filed in the required time—cause is dismissed under 2-15." The rule referred to reads as follows: "The appellant shall have 30 days after submission in which to file his brief, and if the brief is not filed within the time limited the clerk shall enter an order dismissing the appeal, unless a petition for extension of time is on file."

On December 27, 1957, we received a motion to reconsider our order extending time for appellant's brief entered upon his petition of October 29, 1957, and to grant the time originally asked for, to-wit, December 31, 1957. On December 30, 1957, we received the appellees' written objections to the granting of the appellant's motion to reconsider our order of October 30, 1957, and also a motion to strike the same from the files. On January 25, 1958, we received the appellant's third petition for an extension of time in which to file briefs and on January 30, 1958, we received the appellees' motion to strike said third petition from the files. Neither the appellant's motion to reconsider and amend our order of October 30, 1957, nor any of the appellant's subsequent petitions for time

and the appellees' objections thereto have been ruled upon.

It is our opinion that Rule 2-15 gave the clerk no authority to dismiss this appeal. Whatever authority the clerk has for dismissing an appeal without the express and particular order of court is contained in the first sentence of said rule as heretofore quoted. The rule requires an appellant's brief within 30 days from the date of submission and if such brief is not filed within that time the clerk shall dismiss the cause unless there is a petition then on file for an extension of time. Obviously the term "within the time limited" refers to the 30 days after submission as nothing is said concerning extensions of time. Had the Supreme Court intended to delegate to the clerk the power to dismiss an appeal for failure to file briefs within the time limited by extensions beyond the original 30 days it could have worded said rule in a manner as to make such intention inescapably apparent. The power of the clerk to dismiss without a specific order is therefore limited to a factual situation in which 30 days from the date of submission have elapsed and there is neither an appellant's brief nor a petition for more time in which to file one. After the court has once extended the time for filing an appellant's brief the first sentence of Rule 2-15 loses application and the dismissal of a cause must be by the specific order of the court. We therefore order and decree that the clerk's order of December 9, 1957, dismissing this appeal is hereby vacated.

This leaves for determination the appellant's motion to reconsider our order of October 30 extending the time for appellant's brief until December 2, 1957, and his two additional petitions for more time. The first extension of 32 days granted to the appellant expired

with neither a brief nor an application for more time on file. The affidavits in support of the appellant's various petitions convince us that a request for more time, if filed before December 2, 1957, would have been entirely reasonable and in all probability would have been granted but why such a request was not filed is not satisfactorily explained. About all we can make out of the facts pleaded is that the entire responsibility for briefing this case, a voluminous one, rested upon the appellant's counsel Jay Darlington and that he has more business than any one man can handle and perforce the matter of filing a timely petition for a second extension of time to file briefs herein was impossible to wedge into an overloaded schedule.

Courts recognize reasonable rules as necessary to the proper performance of their functions and to facilitate administration of justice and our ██ Supreme Court has said that such rules are obligatory upon us and cannot be dispensed with in a particular case. *Magnuson* v. *Billings* (1899), 152 Ind. 177, 52 N. E. 803. Rule 2-16 elaborates the procedure and grounds for obtaining an extension of time in which to file a brief. It requires that a petition therefor must be filed at least five days before the expiration of the time for filing briefs, in this case December 2, 1957, unless it is made to appear by affidivit that the facts which are the basis of the petition did not then exist or were not then known to the applicant or his counsel. No such showing is made by any of the affidavits filed by the appellant in this cause. On the contrary it affirmatively appears that the appellant's first application for time forecast the probability of his counsel Jay Darlington being busy trying a law suit in Puerto Rico in December of 1957. Under such circumstances it seems to be the plain duty of counsel

to arrange with another for the timely filing of a proper application for more time. A subsequent pleading reveals the fact that Mr. Darlington's co-counsel Mr. William Isham was sick and unavailable during the 30 day extension granted the appellant upon his original application. That, however, has been held to be no excuse when, as here, there seems to be no reason for the failure to properly apply for an extension of time except that counsel, to whom that duty had been delegated, was too busy elsewhere. *Cline* v. *Gould* (1897), 17 Ind. App. 647, 47 N. E. 237.

In *Winn* v. *O'Neal*, decided in 1957 under our present rules, the Supreme Court held, with reference to an extension of time to file appellant's original brief, that: "Such extension of time by this court was inoperative since it was obtained after the time fixed for filing briefs had already expired and the filing of briefs within the time recognized by the rule (except for recognized cause) is jurisdictional with this court." *Winn* v. *O'Neal* (1957), 236 Ind. 264, 139 N. E. 2d 536. While the court did not explain what it meant by the term "except for recognized cause" we take it to refer to that part of the rule which says: "Unless it is made to appear by affidavit that the facts which are the basis of the petition did not then exist or were not then known to the applicant or his counsel."

Thus we conclude that we are powerless to grant the appellant additional time to file his brief. The time granted upon his first application expired without any effort on his part to acquire additional time and there remains nothing for us to do but dismiss this appeal. As was said in *Winn* v. *O'Neal, supra,* any other order would be inoperative.

Appeal dismissed.

Royse, P. J., concurring in part and dissenting in part.

## CONCURRING OPINION.

ROYSE, P. J.—I do not agree with the Per Curiam opinion of the majority that the Clerk was without authority to dismiss this case under the provisions of Rule 2-15 of the Rules of the Supreme Court. In my opinion this holding is a perversion of the intent and purpose of this Rule of the Supreme Court.

I agree that the case should be dismissed.

NOTE.—Reported in 148 N. E. 2d 842.