STROLE ET AL. *v.* MCCLEARY, EXECUTRIX ETC.

[No. 19,497. Filed September 21, 1960.]

54

*Charles W. Vincent, William R. Johnson* and *Buena Chaney*, all of Terre Haute, for appellants.

*Dix, Dix, Patrick, Ratcliffe & Hicks*, of Terre Haute, for appellee.

BIERLY, C. J.—Appellants filed transcript and assignment of errors on July 25, 1960. Appellants' brief was due on or before August 24, 1960. No brief was filed on said date.

On September 6, 1960, appellants presented a "Motion for Reinstatement of their Appeal," charging the secretary of their attorney with failure to follow instructions to file appellants' brief on August 24, 1960. Appellants acknowledged said date of August 24, 1960 was the 30th day following the filing of transcript and assignment of errors.

Appellee filed on September 8, 1960 her "Verified Objections to Appellants' Motion for Reinstatement of their Appeal."

It is not necessary to consider appellee's verified objection in order to pass on appellants' "Motion for Reinstatement of their Appeal."

"Appeals are frequently dismissed by an order entered by the clerk because of the failure of appellant to file his brief within the time limited." Flanagan, Wiltrout and Hamilton, §2666, Comment 4.

"Should the clerk overlook the late filing and make no dismissal of the appeal, this court may order the clerk to enter such dismissal or the court may itself make such order." Flanagan, Wiltrout and Hamilton, *supra*.

The Supreme Court further has held that an agreement by the parties that the appeal be not dismissed for late filing of appellant's brief is unavailing, as the rule of the court cannot be waived by the parties. *Leatherman et al.* v. *Board of Commissioners of Orange County* (1897), 148 Ind. 282, 47 N. E. 458.

This court has held that an appeal will not be reinstated on motion of appellant on the ground that his attorney was sick and unable to prepare the brief, it not being shown why no extension of time for filing the brief was requested. *Cline* v. *Gould* (1897), 17 Ind. App. 647, 47 N. E. 237. The court in conclusion in said case said:

"It is a practice of both this court and the Supreme Court to strictly enforce the rule dismissing appeals for a failure upon the part of counsel to file a brief within the time allowed therein. It is absolutely necessary, to insure the speedy determination of causes, that this be done."

,While this court may perceive that through an Act of God or due to some extreme casualty or accident, it may be impossible for an appellant to file a motion for an extension of time as provided by statute, nevertheless, we do not conclude that the case at bar falls within such condition. This court has no alternative other than to dismiss this cause of action with costs, if any, assessed against appellants.

Appellants' motion to reinstate is overruled.

NOTE.—Reported in 169 N. E. 2d 206.