CITY SIGN SERVICE, INC. *v.* TANSY ET AL.

[No. 19,545. Filed May 11, 1961.]

*Harry Riddell,* of Indianapolis, for appellant.

*Robert A. Parsons, Robert H. Orbison* and *Baker & Orbison,* all of Indianapolis, for appellees.

Ax, C. J.—The transcript and assignment of errors filed in this Court and this cause was submitted on January 20, 1961. Within time appellant prayed for an extension of time to file appellant's brief, and this Court granted this extension of time to and including March 22, 1961.

Appellant failed to file his brief within said time. Thereafter, on April 5, 1961, appellant, by attorney, filed in this Court a verified petition which he called a petition for reinstatement of this appeal and a petition for extension of thirty days' time within which to file appellant's brief. Attached to this verified petition was an acknowledgment of the petition signed by the attorney for appellees wherein he also stated that "he has no objection to such reinstatement."

Appellant's attorney, by his petition, in substance alleged that because he was engaged in trial work and out of his office for a great period of time since the granting of his first extension of time, he failed to file his brief in time.

Rule 2-15 of the Supreme Court requires that "the appellant shall have 30 days after submission in which to file his brief, and if the brief is not filed within the time limited the clerk shall enter an order dismissing the appeal, unless a petition for extension of time is on file."

We fail to understand why appellant has asked in his petition for a "reinstatement" of this appeal be-

cause no action of dismissal had been taken either by the Clerk of this Court or by this Court.

In this case, inasmuch as a petition for extension of time had previously been granted, it was proper for the clerk to take no action on dismissal, for after the court has once granted an extension of time, and the brief is not filed within the time granted, the court, and not the clerk, should dismiss the appeal. *Rooney* v. *City of Chicago, et al.* (1958), 129 Ind. App. 128, 148 N. E. 2d 842 (Rehearing denied May 13, 1958) (Transfer denied September 9, 1958). By reason of our holdings in the *Rooney* case, and the case of *Winn* v. *O'Neal* (1957), 236 Ind. 264, 139 N. E. 2d 536, cited therein, we are powerless under Supreme Court Rule 2-16 to grant appellant additional time to file his brief, and there remains nothing for us to do but dismiss this appeal. The verified petition filed by appellant in this case at bar reveals that there was no reason why appellant failed to properly apply for an extension of time except that counsel, to whom the duty had been delegated, was too busy elsewhere.

Appeal dismissed.

Pfaff, P. J., Cooper, Bierly, Myers, Gonas, Ryan, Kelley, JJ., concur.

Note.—Reported in 174 N. E. 2d 418.