### REED *v*. STATE OF INDIANA.
[No. 30,021. Filed March 13, 1963.]

*Carl M. Franceschini,* of LaPorte, for appellant.

*Edwin K. Steers,* Attorney General, *William D. Ruckelshaus,* Assistant Attorney General, and *John P. Daley,* Prosecuting Attorney, of LaPorte, for appellee.

LANDIS, J.—The judgment appealed from in this case was for appellant's conviction of grand larceny. Appellant was charged by affidavit with stealing two Hereford heifers of the value of $325 and after a trial by jury was convicted as charged, and sentenced to the Indiana Reformatory for a term of one to ten years, and fined $100.

Appellant's first contention on appeal relates to the alibi statute of this state (Burns' §§9-1631,[1]

---

1. "Whenever a defendant in a criminal case in a court other than that of a justice of the peace shall propose to offer in his defense evidence of alibi, the defendant shall, not less than ten [10] days before the trial of such cause, file and serve upon the prosecuting attorney in such a cause a notice in writing of his intention to offer such defense. The notice shall include specific information in regard to the exact place at which the defendant claims to have been at the time stated in the indictment or affidavit as the time of such offense. The provisions of this statute shall not apply in case the court sets the trial for a date less than fourteen [14] days ahead." Burns' §9-1631 (1956 Repl.), being Acts 1935, ch. 228, §1, p. 1198.

9-1632,[2] 9-1633[3]) which appellant invoked in the trial court, and which appellant contends the State failed to comply with and that therefore the lower court erred in overruling appellant's motion to strike the

---

2. "In the defendant's notice, as provided in the next preceding section, the defendant may also expressly require the prosecuting attorney to file and to serve upon the defendant or upon his counsel a specific statement in regard to the exact date which the prosecution proposes to present at the trial as the date when, and the exact place which the prosecution proposes to present at the trial as the place where, the defendant was alleged to have committed or to have participated in the offense. If the defendant's notice requires such statement by the prosecuting attorney, or if the prosecuting attorney proposes to present at the trial as the specific date when the defendant committed or participated in the offense a date other than the date stated in the defendant's notice, the prosecuting attorney shall file and serve such statement upon the defendant or upon his counsel not later than eight [8] days before the trial. If the prosecuting attorney's statement to the defendant names a specific date other than the date which is stated in the indictment or affidavit and in the defendant's notice, the defendant shall not later than four [4] days after the filing of the prosecuting attorney's statement file and serve upon the prosecuting attorney defendant's second notice presenting for such changed date the same details required for the original notice." Burns' §9-1632 (1956 Repl.), being Acts 1935, ch. 228, §2, p. 1198.

3. "In the event of the failure of the defendant to file and to serve the defendant's original notice, as prescribd herein or the defendant's second notice as prescribed herein, or in the event of the failure of the prosecuting attorney to file and to serve the prosecuting attorney's statement as prescribed herein, the court may in its discretion extend the time for filing the same. At the trial, if it appears that the defendant has failed to file and to serve upon the prosecuting attorney the defendant's original notice of alibi as prescribed herein, the court shall, in the absence of a showing of good cause for such failure by the defendant, exclude evidence offered by the defendant to establish an alibi. At the trial, if it appears that the prosecuting attorney has failed to file and to serve upon the defendant or upon his counsel the prosecuting attorney's statement as prescribed herein, the court shall, in the absence of a showing of good cause for such failure by the prosecuting attorney, exclude evidence offered by the prosecuting attorney to show that the defendant was at a place other than the place stated in the defendant's original notice and that the time was other than the time stated in the defendant's original notice. At the trial, if it appears that the defendant has failed to file and to serve upon the prosecuting attorney, the defendant's second notice as prescribed herein,

State's motion under the act for "leave to give notice" and "statement of time and place."

Here, it appears that the cause was set for trial by jury for the 8th day of February, 1960; that on the 29th day of January, 1960, appellant served notice of alibi on the prosecuting attorney and requested the prosecuting attorney to serve the appellant with a specific statement as to the exact time and date the alleged offense occurred. The prosecuting attorney did not serve his statement called for in the statute upon appellant within the eight days before the trial provided therein, but filed with the court on February 2, 1960 (the sixth day before the trial), a motion for leave to give notice to defendant, which motion was granted. The State of Indiana was thereby given until February 3, 1960, to give such notice, and said notice was thereupon served by the prosecuting attorney on February 2. Appellant on February 2, also filed motion to strike the State's motion for leave to give notice, which motion of appellant was on February 4, 1962, overruled.

Appellant contends that as the prosecuting attorney was required under the statute to file the State's statement not later than eight days before the trial, it necessarily follows that any request by the State for additional time must be filed before the expiration of said eight day period, citing: *Winn* v. *O'Neal, Sheriff, etc. et al.* (1957), 236 Ind. 264, 139 N. E. 2d 536.

the court shall, in the absence of a showing of good cause for such failure by the defendant, exclude evidence offered by the defendant to establish that he was at a place other than the place specified in the prosecuting attorney's statement, and that the time was other than the time stated in the prosecuting attorney's statement." Burns' §9-1633 (1956 Repl.), being Acts 1935, ch. 228, §3, p. 1198.

The cited case properly held that petitions for extension of time to file briefs on appeal must be filed before briefing time expired, in accordance with Rule 2-16 of this Court.

In the case before us, in order to determine whether it was necessary for the prosecuting attorney to file petition for additional time within the eight day period, it is necessary that we examine the language used by the legislature in the statutes here involved. While it is true Burns' §9-1632, *supra*, provides:

" ... the prosecuting attorney shall file and serve such statement upon the defendant or upon his counsel not later than eight [8] days before the trial . . ."

it should be noted that the next section, Burns' §9-1633, *supra*, provides:

"... in the event of the failure of the prosecuting attorney to file and to serve the prosecuting attorney's statement as prescribed herein, the court may in its discretion extend the time for filing the same. . . ."

It is therefore apparent that the court may extend the time within its discretion upon the failure of the prosecuting attorney to file and serve the statement as provided therein. There is no reason for the trial court to exercise this discretion until the failure occurs. The failure here occurred on February 1, 1960, when the prosecuting attorney failed to act at least eight days before the trial. By the wording of the statute, it was only then that the discretion of the court could be invoked. This was done on February 2, 1960.

The statute is entirely silent on any requirement as to a petition by the prosecuting attorney for the

court to exercise its discretion. It could apparently be invoked either upon request of the prosecuting attorney or on the court's own motion. However, under no theory could it be considered a prerequisite that the prosecuting attorney file a petition for the court to exercise its discretion before the failure occurred, and that the court here therefore had no authority under the statute to extend the time. Appellant's contention is without merit.

Appellant has further contended that the trial court abused its discretion when it granted the State an extension of time and overruled appellant's motion to strike. The State's motion for extension of time so far as pertinent stated:

"1. That the above cause is set for jury trial in the LaPorte Circuit Court for the 8th day of February 1960.

"2. That at approximately four o'clock P.M. on the 29th day of January 1960 the said defendant, Orin Scott Reed, by his attorney, Carl Franceschini, did give notice of alibi to the State of Indiana by serving same on Thomas D. Sallwasser, Deputy Prosecuting Attorney.

"3. That the said defendant did further request the Prosecuting Attorney to file and serve on the defendant or the defendant's counsel a specific statement as to the exact time and date that the alleged offense occurred.

"4. That the State of Indiana has been unable to file said notice not later than eight days before trial, as specified by the laws of the State of Indiana, for the following reasons:

"A. That the eighth day prior to trial fell on Sunday and that the ninth day prior to trial fell on a Saturday, and the LaPorte Circuit Court was not in session and said notice, therefore, could not be filed.

"B. That the State of Indiana did not have reasonable opportunity to contact, notify and make arrangements to confer with the

> state's witnesses in the above cause after receiving said alibi notice until Tuesday, February 2, 1960.

"WHEREFORE, the State of Indiana prays that the Court extend the time whereby the State of Indiana is allowed to file and give notice of the exact time and date that the alleged offense was committed as requested in the defendant's alibi notice."

The facts set forth in the foregoing motion have not been controverted by appellant and we are unable to agree with appellant's contention that the grounds set forth in the foregoing motion for extension of time were not sufficient to warrant the court in its discretion to grant the State two days additional time within which to file its statement in response to appellant's alibi statement.

Appellant next contends that Burns' §9-1633, *supra*, imposed a mandatory duty on the court to exclude evidence offered by the State unless good cause is shown by the State for the failure to comply with Burns' §§9-1631 and 9-1632, *supra*.

The statute clearly states in substance that good cause need only be shown if the prosecution has failed to file and serve upon the defendant or his counsel the statement called for in the act. The statement in this case was filed and served upon the appellant within the time as extended by the court. As we have already decided against appellant's contention that such extension by the court was improper, there was clearly no need for the State to show good cause under Burns' §9-1633, *supra*. *Pearman* v. *State* (1954), 233 Ind. 111, 117, 117 N. E. 2d 362, 365, is distinguishable as in that case the prosecution had never tendered a statement to the defendant pursuant to the act.

If appellant is aggrieved because less than eight days time exists after service by the prosecuting attorney as extended by the court, he should file motion for continuance showing how he would be prejudiced by the present trial date. Having failed to file motion for continuance in the case at bar, appellant has waived any question in respect thereto.

We are not at liberty as a Court to rewrite the statute in this case so as to render inadmissible, as appellant has urged, the evidence offered by the prosecuting attorney to show a different time and place than stated in defendant's original notice. The language in the present statute does not warrant that construction, and it is not our province to act as a super-legislature.

The remaining questions sought to be raised by appellant deal with rulings on the admissibility of evidence, but the questions, answers, offers of proof, objections and rulings, are not set forth in any condensed recital of the evidence as no condensed recital of the evidence in fact appears in appellant's brief. Neither are there any references to the transcript in appellant's brief where such questions, answers, rulings, etc., may be found. It is well settled that the reviewing Court will not review rulings on the evidence where no reference is made to appellant's condensed recital of the evidence or the transcript in accordance with Rule 2-17(d) of this Court. See: *Flanagan, Wiltrout and Hamilton,* Trial and App. Prac., §2677, comment 8, p. 307; West's I. L. E., Appeals, §385, n. 91, p. 254; West's I. L. E., Appeals, §385, n. 1, p. 256.

Judgment affirmed.

Myers, Achor, and Arterburn, JJ., concur.

[Not having participated in the oral argument, Myers, J., approves opinion after careful study of the briefs.]

Jackson, C. J., dissents with opinion.

## DISSENTING OPINION

JACKSON, C. J.—The majority opinion adequately discloses the factual and procedural issues before the Court in the case at bar. One of the issues to be determined here is whether or not the State should be permitted, by leave of court, to reduce the time within which the Prosecuting Attorney is required to serve notice on the defendant or counsel pursuant to Acts 1935, ch. 228, §2, p. 1198, being §9-1632, Burns' 1956 Replacement. Another question to be here determined is, can the State, after filing the notice required by §9-1632, Burns', 1956 Replacement, *supra*, less than the eight days before trial, even within the period permitted by the court, introduce evidence in conflict with the evidence as to time and place specified by the defendant in his notice of alibi given the Prosecuting Attorney pursuant to §9-1632, Burns' 1956 Replacement, *supra*.

I agree with the majority opinion in so far as it states that it was within the discretion of the Court to extend the time within which the Prosecuting Attorney could file and serve the statement required by §9-1632, *supra*. However, it is my opinion that the requirements of Acts 1935, ch. 228, §3, p. 1198, being §9-1633, Burns' 1956 Replacement, would not allow the introduction of evidence by the Prosecuting Attorney in conflict with the notice of alibi unless the statement of the Prosecuting Attorney was received by the appellant prior to eight days before trial.

The purpose of these statutes is to give adequate notice and time for preparation to all parties concerning matters of alibi which they intend to prove at trial. If, as the majority opinion holds, such evidence may be admitted by the Prosecuting Attorney after he has received an extension of time, the appellant in this case will have less than the eight days allotted him by the statute for the purpose of preparation. In effect the appellant will be penalized for laxity of the Prosecuting Attorney over which he has no control. In addition, if the statement of the Prosecuting Attorney contains reference to times and places other than those contained in the original notice, the defendant may well be in a situation where he does not have adequate time to file a supplemental notice more than four days before trial, as provided by §9-1632, *supra*. This penalizing of the appellant is especially repugnant in view of the fact that it might be so easily corrected, *i.e.*, by the setting of a new trial date which will allow all parties concerned adequate time for preparation.

The cause should be reversed and remanded with instructions to grant appellant's motion for a new trial.

NOTE.—Reported in 188 N. E. 2d 533.