FORSCHNER *v*. GARRISON.

[No. 20,671. Filed May 14, 1968. Rehearing denied July 2, 1968.]

*Probst & Probst,* of Kendallville, for appellants.

*Howard E. Petersen,* of LaGrange, and *Edgar A. Grimm,* of counsel, of Kendallville, for appellees.

FAULCONER, J.—This is an appeal from a judgment in favor of appellees and appellants' only assignment of error is the overruling of their motion for new trial. Appellees have filed a "motion to affirm trial court judgment or dismiss appeal" with proof of service and brief in support thereof. Such motion attacks the sufficiency of the transcript and appellants' brief on several grounds.

Appellees urge that the bill of exceptions is not properly in the transcript because it contains no certificate of the judge and, therefore, since the only alleged error depends upon a consideration of the evidence, the judgment should be affirmed.

Appellants' only specification in their motion for new trial is that the decision is not sustained by sufficient evidence and that the decision is contrary to law.

Rule 2-3, Rules of the Supreme Court, 1967 Revision, in pertinent part, provides as follows:

"Every bill of exceptions tendered prior to the filing of the transcript in the appellate tribunal shall, if correct, be signed by the judge and filed with the clerk, which filing may be evidenced by an order book entry or the clerk's certificate." *Findling* v. *Findling* (1963), 134 Ind. App. 661,

662-663, 186 N. E. 2d 892 (transfer denied). 2 I.L.E., *Appeals*, § 302, pp. 120, 121.

Our Supreme Court, in *Winn* v. *O'Neal, Sheriff, etc. et al.* (1957), 236 Ind. 264, 139 N. E. 2d 536, at page 266 of 236 Ind., stated that "It is elemental that the certificate of the judge is necessary to make it a complete bill."

> "It has long been the rule that to make a bill of exceptions sufficient to present the question here involved the bill must contain a statement or the certificate of the ■ judge 'that it contains all of the evidence given in the cause' or words of equivalent import, . . . ." *McMurran* v. *Hannum* (1916), 185 Ind. 326, 330, 113 N. E. 238; *Waggoner* v. *Stancliffe* (1942), 110 Ind. App. 538, 540, 39 N. E. 2d 796.
>
> "It is only necessary that either in the bill itself or in the certificate of the judge, that it be stated 'that it contains all of the evidence given in the cause' or words of equivalent import." *Kist* v. *Coughlin* (1944), 222 Ind. 639, 649, 57 N. E. 2d 199.

The record discloses the following entries:

> "Comes now defendant by counsel and now presents and tenders Bill of Exceptions to the evidence which is now received and approved by the court and now is signed by the court and the Clerk is now ordered to file same as a part of the record in this cause."

The purported bill of exceptions follows this entry and contains the file mark of William Harris, Clerk of LaGrange Circuit Court. Said purported bill contains, on a separate page, a heading setting forth the caption, Cause No., venue, names of the attorneys appearing for the plaintiffs and defendants and the title "Transcript of the evidence."

Although there is no formal statement at the beginning or end of the purported bill of exceptions, there appears on a separate page following what appears to be the end of the bill of exceptions a statement above the signature of one designated "Court Reporter, LaGrange Circuit Court." Omitting the caption and signature the instrument reads as follows:

"I, GENE PLASTERER, official Court Reporter of the LaGrange Circuit Court, do hereby certify that the foregoing record contains all of the evidence given in said cause aforesaid, together with all exhibits offered and introduced and all exhibits that were offered and not admitted into evidence, together with all rulings of the court made on evidence and exhibits, both admitted and offered during the trial of said cause.

I do further certify that I prepared the same pursuant to praecipe of the said defendants, Harlan E. Forschner and Elsie M. Forschner, defendants named above, which was served upon me by the law firm of PROBST & PROBST, attorneys for said defendants aforesaid.

IN WITNESS WHEREOF, I have hereunto set my hand and seal as such Court Reporter of said LaGrange Circuit Court, the same being done on the 20th day of September, 1966."

On the very next page appears the "Praecipe To The Official Court Reporter Of The LaGrange Circuit Court" signed by Probst & Probst, attorneys for defendant. This praecipe is followed on the next page by an instrument entitled "Judge's Certificate." However, by this instrument the trial judge only certifies that *Gene Plasterer* is the official reporter of the LaGrange Circuit Court and that the "foregoing attestation and certificate" by him are in due form of law.

We believe this is insufficient. We are aware of recent cases holding that we must examine the bill of exceptions as a whole to ascertain whether or not it contains words which indicate clearly and unmistakenly that the bill does contain all of the evidence. *Kist* v. *Coughlin, supra,* (1944), 222 Ind. 639, 649, 57 N. E. 2d 199. *Morrow, Inc.* v. *Munson et al.* (1958), 129 Ind. App. 113, 117, 150 N. E. 2d 256 (transfer denied). *Hayes Freight Lines* v. *Oestricher* (1946), 117 Ind. App. 143, 150, 66 N. E. 2d 612, 68 N. E. 2d 792 (transfer denied).

In the case before us we have no introduction to the alleged bill of exceptions nor a conclusion which would indicate that

the bill contains all of the evidence. The reporter's certificate does make such a statement; however, that alone, is insufficient.

"It is to be observed that neither in what purports to be the bill of exceptions containing the evidence nor in the certificate of the judge does it appear that all the *evidence* given in the cause is included in what was intended for a bill of exceptions. It is true that the stenographer's certificate does contain a statement to that effect, but this certificate is only surplusage and as such it can not be considered. Such a certificate constitutes no part of the bill and adds nothing to it." *McMurran* v. *Hannum, supra,* (1916), 185 Ind. 326, 330, 113 N. E. 238; *Walsh Exer. etc.* v. *Gilmore* (1960), 130 Ind. App. 307, 320, 164 N. E. 2d 358.

Appellant has made no effort to amend and although he filed a brief in opposition to the motion this error is referred to only casually and without authority.

Since the only alleged errors require a consideration of the evidence and we have determined the bill of exceptions is not in the record, we must sustain the motion to affirm.

Motion to Dismiss denied. Motion to Affirm sustained.

Judgment affirmed.

Carson, C. J., Cooper and Prime, JJ., concur.

NOTE.—Reported in 236 N. E. 2d 835.