DAGER, ET AL. *v.* INDIANA SUBURBAN SEWERS, INC.

[No. 369 S 59. Filed May 22, 1970. Rehearing denied September 11, 1970.]

*Fay W. Leas, Leas, Hines & Snyder,* of Fort Wayne, for appellants.

*Paul W. Philips, Helmke, Philips & Beams,* of Fort Wayne, and *Arthur H. Gemmer, Gemmer & Frosch,* of Indianapolis, for appellee.

GIVAN, J.—The appellee has filed a motion to dismiss in this case. It is the opinion of this Court that the motion is well taken, and it is, therefore, granted.

This is a condemnation action brought by appellee to condemn an easement across appellants' property for a public sewer. Appellants filed a response to appellee's complaint stating they had no objection to the installation of the sewer, but that they were not in agreement with the amount of compensation offered. Thus, the sole issue for trial was the measure of damages resulting from the taking.

The trial court appointed appraisers and at the same time the appellee filed a motion for an order to compel the appellants to temporarily remove wrecked automobiles that were stored on the strip of ground which was the subject of the condemnation. The trial court ordered the automobiles temporarily removed on or before February 24, 1969, which was the date set for the appraisers' report. The appellants had asked for and the court had given an instruction to the appraisers to allow as part of the damages the reasonable cost of temporarily removing the automobiles and in replacing them following the construction.

The court appraisers returned an award of damages in the amount of $3,000, which we must presume in the light of the court's instruction included the cost of removing the automobiles.

The appellee paid the amount of the award to the Clerk of the Court, and the appellants withdrew the amount of the award and did not file any exceptions to the award within the 10 days provided by statute.

Appellants claim that the trial court erred in requiring them to temporarily remove their personal property from the land without notice and without hearing, and alleging that the trial court erred in overruling appellants' motion to set aside and expunge this order. Although the trial court may have been somewhat premature in ordering the removal of the automobiles before the appellee had a right of possession by reason of paying the amount of the court appraisers' award to the Clerk of the Court, any right which the appellants may have had to retain possession of the

ground until payment of the award has been waived by reason of their acceptance of the benefits of the judgment by failing to file exceptions within the 10 days provided by statute. *State* v. *Kraszyk* (1960), 240 Ind. 524, 167 N. E. 2d 339.

For this reason the appellee's motion to dismiss is sustained.

Hunter, C.J., Arterburn and DeBruler, JJ., concur; Jackson, J., dissents without opinion.

NOTE.—Reported in 258 N. E. 2d 406.

## ON PETITION FOR REHEARING

GIVAN, J.—Appellants have filed a petition for rehearing. Appellee has filed a motion to dismiss appellants' petition for rehearing. In its motion appellee takes the position that since this Court has previously dismissed an attempted appeal by the appellants there is no jurisdiction to entertain a petition for rehearing.

We do not accept appellee's position in this regard. We, of course, will entertain a petition for rehearing timely filed in any appeal though that appeal may have been dismissed by this Court. App. Rule 11, Ind. Rules of Procedure. The appellee's motion to dismiss appellants' motion for rehearing is hereby denied.

We now come to the merits of the appellants' petition for rehearing. Appellants state that this Court is incorrect and erroneous in its decision in the following:

"(a)   That at the same time the Court appointed appraisers, the Appellee filed a motion for an order to compel the Appellants to temporarily remove wrecked automobiles that were stored on the strip of ground which was the subject of the condemnation."

This Court would call appellants' attention to the fact that this information is contained in the transcript beginning at page 29, line 23, wherein the facts above set out are specifically recited.

"(b)   That the award of the appraisers in the light of the Court's instruction included the cost of removing the automobiles."

Appellants claim this is an untrue statement. We would call their attention to the transcript, page 37, lines 4 through 10, wherein it is stated:

> "* * * it being particularly noted by the Court that plaintiff has made no objection to defendants requests (sic) instruction that the damages which said appraisers are to assess are to include just compensation for the removal and return to the construction easement area of the personal property now located thereon and belonging to defendants * * *."

> "(c)   That the Appellants accepted and withdrew the amount of the award."

Appellants claim this is untrue. It is true that appellants after first accepting the award of the appraisers did petition the court to withdraw said acceptance.

We do find that we were in error in stating that the appellants had in fact withdrawn the amount of the award. It does appear from the record that the amount is still in the Clerk's office. However, this has no bearing on the outcome of the case.

> "(d)   That the Appellants did not file exceptions to the appraisers' report within the ten (10) days provided by statute."

Appellants claim this is an untrue statement. A diligent search of the record in this case which was before this court at the time of our opinion failed to disclose any filing of exceptions to the filing of the appraisers' report by the appellants.

It is the duty of an appellant to bring that portion of the record before the court which is necessary for the determination of his appeal. The appellants have attached to their petition for rehearing photographic copies of the Civil Docket of Allen Superior Court No. 3 wherein it is shown that they did in fact file exceptions to the appraisers' award on the 4th day of March, 1969, eight (8) days after the appraisers had filed their report. However, appellants did not

see fit to include this information in their original transcript even after the absence of such information had been called to their attention by opposing counsel.

In view of the circumstances of this case, we would point out that even if the appellants have in fact filed exceptions to the appraisers' report (a fact which we did not know by the record before us at the time the original opinion was written), the matter of the court order requiring them to temporarily remove their personal property from the proposed right-of-way is now moot, the same having been accomplished. If a trial on the amount of damages is now to be had on exceptions to the appraisers' report, the appellants will have every opportunity to present the costs of removal and replacement of personal property as an item of damages in the condemnation suit.

In view of the foregoing, appellants' petition for rehearing is denied.

Hunter, C.J., Arterburn and DeBruler, JJ., concur; Jackson, J., votes to grant rehearing.

NOTE.—Reported in 261 N. E. 2d 858.