STATE of Indiana ex rel. Owen W. CRUMPACKER, Relator,

v.

LAKE SUPERIOR COURT, ROOM NO. ONE, Hammond, Indiana, and the Honorable James T. Moody, Special Judge, Respondents.

No. 1178S253.

Supreme Court of Indiana.

March 6, 1979.

Richard A. Miller, Gary, for relator.

Harold Abrahamson, Hammond, for respondents.

GIVAN, Chief Justice.

Following oral argument on November 6, 1978, this Court denied issuance of a temporary writ of mandate and prohibition. We now deny the relator's application for permanent writ.

On April 29, 1975, the LaPorte Circuit Court, in the condemnation case of *State v. Kushner, et al.,* Cause No. 36721–C, found the relator, Owen W. Crumpacker, in contempt of court and ordered him held in custody. Relator then filed an action for a writ of habeas corpus in the Superior Court of Lake County on May 23, 1975. The writ was granted the same day by the presiding judge, The Honorable Cordell C. Pinkerton. *Crumpacker v. Pruitt, et al.,* Cause No. 175–528. On April 9, 1976, Judge Pinkerton disqualified himself on his own motion and the respondent, The Honorable James T. Moody, Judge, Superior Court of Lake County, was selected as special judge in the case. Upon qualifying and assuming jurisdiction, Judge Moody examined the entire record of the proceeding in Cause No. 175–528. He took judicial notice of the opinion of this Court in *State ex rel. Crumpacker v. LaPorte Cir. Ct.,* (1975) 264 Ind. 27, 338 N.E.2d 261, where we held that the relator could not obtain equitable relief at that time to expunge the contempt order since an adequate remedy by way of appeal was

available to him. Judge Moody also took judicial notice of the fact that relator's appeal from the contempt order had been dismissed by the Court of Appeals on May 20, 1976, for failure to file an appellant's brief within the time limit and that transfer had been denied on September 9, 1976. Judge Moody thereupon entered an order on November 23, 1976, concluding that the contempt order of the LaPorte Circuit Court was regular on its face, was issued by a court of competent jurisdiction and therefore could not be circumvented by the present cause. In this order the writ of habeas corpus, which had previously been issued, was dissolved, and the sheriffs of Lake and LaPorte Counties were authorized to execute their duties to take the relator into custody pursuant to the valid contempt order of the LaPorte Circuit Court.

On February 3, 1977, respondent granted relator's stay of the order so that relator could perfect an appeal to this Court from the denial of his application for a writ of habeas corpus. The record was filed in this Court on April 1, 1977, and an extension of time to file an appellant's brief was granted to and including June 30, 1977. Relator ultimately failed to file a brief and on October 16, 1978, this Court dismissed the appeal for failure to prosecute. Upon learning of the dismissal of the appeal, the respondent vacated the stay and directed the sheriffs of Lake and LaPorte Counties to execute the contempt order. After filing a motion to vacate, which, after five days without a ruling is deemed denied under TR. 53.3, relator sought extraordinary relief from this Court.

Relator first contends the trial court has no jurisdiction to enter the order vacating the stay. He argues that jurisdiction still lies in the Supreme Court of Indiana, since the time within which he could file a petition for rehearing had not yet expired. AP. 11(A) provides:

"Application for a rehearing of any cause may be made by petition, separate from the briefs, signed by counsel, and filed with the clerk *within twenty [20] days from the rendition of the decision, stating*

*concisely the reasons why the decision is thought to be erroneous."* (emphasis added.)

The precise question as to whether a petition for rehearing may be filed following a dismissal of an appeal for failure to prosecute has not been decided in this Court. Relator refers to the case of *Dager v. Ind. Suburban Sewers, Inc.,* (1970) 254 Ind. 137, 261 N.E.2d 858, as support for his argument. In overruling a motion to dismiss the petition for rehearing, this Court stated in that case:

"We, of course, will entertain a petition for rehearing timely filed in any appeal though that appeal may have been dismissed by this Court."

254 Ind. at 139, 261 N.E.2d at 859.

However, the *Dager* case presented a special fact situation in which the appeal from the condemnation award had been dismissed on the ground that the appellants' acceptance of the award without filing an exception within ten days thereof, as required by statute, operated as a waiver of their rights to contest the amount of the award. 254 Ind. 137, 258 N.E.2d 406. Nowhere in the case is there any indication that the dismissal was based on failure to prosecute the appeal rather than the waiver provision in the condemnation statute.

Nor does *Rooney v. City of East Chicago,* (1958) 129 Ind.App. 128, 148 N.E.2d 842, cited by relator, decide the issue. It is true that the Court of Appeals in that case dismissed the appeal for failure to file briefs, that a petition for rehearing was denied, and that a petition to transfer was denied. However, we can draw no inference from the denial of the various petitions in that case that a petition for rehearing is permitted after an appeal is dismissed for failure to prosecute.

Although AP. 11(A) does not state it explicitly, an examination of the language quoted above from the rule leads to the conclusion that a petition for rehearing is proper only when the court has decided the case on the merits. The rule refers to the "rendition of the decision" and requires the petition to state concisely the "reasons why

the decision is thought to be erroneous." We therefore are of the opinion that the rule permitting petitions for rehearing presupposes that the case was properly before the Court on appeal, fully briefed and subsequently decided on the merits or on some special waiver provision, such as in *Dager,* other than failure to prosecute. This interpretation will fully implement the spirit of the appellate rules and still adhere to the longstanding maxim that error must be preserved and contested within the proper time frame, be it at trial, in the motion to correct error, or in appellate briefs, in order to obtain a complete review on the merits by a court on appeal.

 We express no opinion as to whether a party might file a petition for reconsideration of the dismissal. We hold only that when an appeal is dismissed for failure to prosecute a party has no right to be heard on a petition for rehearing. Thus in the case at bar when the appeal was dismissed by this Court for failure to file an appellant's brief within the time extension granted, relator Crumpacker had no recourse by way of petition for rehearing. The Clerk of this Court at that time was authorized to certify the dismissal to the trial court. This Court no longer retained jurisdiction as might otherwise be the case under AP. 15(B). Accordingly the trial court acted properly in re-assuming jurisdiction and in vacating the stay order following the dismissal of the appeal.

Relator next argues that once the respondent dissolved its prior writ of habeas corpus it could take no further action in the case and consequently could not enforce the contempt order from the LaPorte Circuit Court. The respondent recognized that its jurisdiction in the habeas corpus action was limited to the determination of whether the order of the LaPorte Circuit Court was regular on its face and issued by a court of competent jurisdiction. See IC § 34–1–57–13 [Burns' 1973]; *Bryarly v. Howard,* (1947) 225 Ind. 183, 73 N.E.2d 678; *Shideler v. Vrljich,* (1925) 195 Ind. 563, 145 N.E. 881. After an examination of the record, the respondent concluded that the contempt judgment was properly issued by a court of competent jurisdiction. Hence the respondent dissolved the writ of habeas corpus and authorized the sheriffs of Lake and LaPorte Counties to execute the contempt order. The respondent here was not issuing an initial order to resume custody of the relator, but merely was removing the only apparent legal impediment to enforcement of the prior order, which order was valid and already authorized the sheriffs to take the relator into custody. We find no error in the procedure followed by the respondent.

Finally, relator contends that the contempt order is stale and unenforceable because it is three and one-half years old. We disagree. The order has not heretofore been enforced because of an appeal from the respondent court, which appeal was not properly prosecuted by relator. This contempt order is a final judgment and is enforceable until relator purges himself of the conduct which induced the contempt citation.

Accordingly, the application for a permanent writ of mandate and prohibition is hereby denied.

DeBRULER, HUNTER and PRENTICE, JJ., concur.

PIVARNIK, J., not participating.