**Aaron DEW, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 280S37.

Supreme Court of Indiana.

March 3, 1981.

Rehearing Denied May 14, 1981.

Robert E. Stochel, Griffith, for appellant.

Linley E. Pearson, Atty. Gen., Gordon R. Medlicott, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

This is a direct appeal from a conviction after a jury trial of one count of criminal confinement, class B felony, Ind.Code § 35–42-3-3, one count of robbery, class B felony, Ind.Code § 35-42-5-1, and one count of burglary, class B felony, Ind.Code § 35–43–2-1. The court sentenced appellant to concurrent twenty year terms of imprisonment on each count.

The evidence supporting the verdict shows that on February 18, 1979, appellant was driving a car which struck a car being driven by Brenda Evans. Mrs. Evans' daughter was a passenger in the car. After the two drivers emerged from their cars to discuss the incident, appellant pointed a gun at Evans' head, forced her into the front seat of her car and ordered the daughter into the car he had been driving. He then drove to the Evans home, his companion following in the other car.

While at the Evanses' house, appellant tied up Mrs. Evans, her daughter, and her husband, and left the house about one hour later in the Evanses' car, taking their television set, stereo equipment, and other items.

The appeal raises the sole issue of whether it was reversible error for the trial court to allow the State, over appellant's objection, to introduce evidence in conflict with appellant's notice of alibi when the State had failed to answer the notice as it was required to do.

The appellant filed and served a timely notice of intention to offer evidence of alibi, pursuant to Ind.Code § 35-5-1-1. He included, as provided by Ind.Code § 35-5-1-2, a request for a specific statement of the date, time, and place the prosecution proposed to present at trial as the date, time, and place the appellant was alleged to have committed the crimes. The State never filed the specific statement.

Under the provisions of Ind.Code § 35-5-1-3, if the prosecution fails to file the requested statement, the court, absent a showing by the prosecution of good cause for the failure is required "to exclude evi-

dence offered by the prosecuting attorney to show that the defendant was at a place other than the place stated in the defendant's original notice and that the time was other than the time stated in the original notice."

Appellant argues that since the State showed no good cause for the failure, the evidence was improperly admitted and the convictions should be reversed, citing *Pearman v. State*, (1954) 233 Ind. 111, 117 N.E.2d 362, and *Shelton v. State*, (1972) 259 Ind. 559, 290 N.E.2d 47. In *Pearman* this Court reversed a conviction because the State failed to comply with the then applicable statutory provisions on the defense of alibi, sections 9–1631 to 9–1633, Burns' 1942 Repl., which are virtually identical with our present statute. The Court said:

"The alibi statute, which is of material assistance in enabling the State to detect and disprove a fraudulent alibi, puts duties upon the State as well as the defendant. The defense of alibi is a legitimate defense, and if the accused takes the proper steps pursuant to the statute, the State must be required to discharge its duties, unless good cause be shown for failure so to do." 233 Ind. at 119, 117 N.E.2d at 366.

*Shelton*, a case in which the alibi statute was not properly invoked by the defendant, recites the *Pearman* language quoted above, and holds that defendant's failure to comply strictly with the statute foreclosed his assertion of rights created there. Strict compliance was held to be a condition precedent for such an assertion.

The State's response to the *Pearman* decision is that it is old and that since the time it was decided, the thinking of this Court has changed "a bit," citing *Reed v. State*, (1963) 243 Ind. 544, 188 N.E.2d 533; *Owens v. State*, (1975) 263 Ind. 487, 333 N.E.2d 745; and *Hampton v. State*, (1977) 172 Ind. App. 55, 359 N.E.2d 276. The State misstates the ruling in *Reed*. In that case the appellant had properly served his notice of alibi under the same statutory provisions as in *Pearman*, and requested the specific statement as to exact time and place of the alleged offense. The prosecuting attorney did not file the requested statement within the statutory eight-day period before trial but filed a motion on the sixth day before trial for leave to file the statement. The court granted the motion and the specific statement was served on the appellant on that day. Error in *Reed* was based on the trial court's overruling of appellant's motion to strike the State's motion for leave to file the specific statement out of time. This Court held that there had been no error because another section of the alibi statute provided that in the event of the failure of the prosecuting attorney to file the requested statement, the court could in its discretion extend the time for filing.

*Owens* also involved a delayed filing of the specific statement requested by the appellant in his alibi notice. This Court said that although appellant's objections to the late filing were well-grounded, the appropriate remedy was a continuance.

Neither case reflects, as the State claims, a change in the Court's thinking, since the alibi problems in those cases involved late filings while *Pearman* and the present case involve a failure to file.

The State cites *Hampton* for the proposition that since only the date is required to be disclosed by the State, the exact time may be obtained by other discovery. The appellant refused to acknowledge other discovery as a remedy for the failure to file, and "stood on his rights", the State argues. Reliance on *Hampton* is misplaced since in *Bruce v. State*, (1978) 268 Ind. 180, 375 N.E.2d 1042, this Court expressly disagreed with the Court of Appeals' determination in Hampton of the specificity required of the State in its specific statement, and held that if evidence available to the State permits, the prosecutor must specify the time of day as well as the date.

This Court has not changed its thinking since *Pearman*. A review of cases since then reveals that we have consistently said that a defendant's right to exclusion of State's evidence of time and place of a charged crime arises upon his strict compliance with his duties under the statute, in

the absence of a showing of good cause for the State's failure to file the requested specific statement. Cases excusing the State's failure to file involve defendants' failure to comply with their own duties. See, e. g., *Bullock v. State*, (1978) Ind.App., 382 N.E.2d 179, 183; *Dockery v. State*, (1974) 161 Ind.App. 681, 317 N.E.2d 453, 459; *Shelton supra*; *Cockerhan v. State*, (1965) 246 Ind. 303, 204 N.E.2d 654, 656.

Other cases involved defendants' claims of non-compliance because the State's responsive statements were not sufficiently specific. See *Bruce, supra*; and *Monserrate v. State*, (1976) 265 Ind. 153, 352 N.E.2d 721, 724.

Since appellant complied with the requirements under the alibi notice statute, and the State failed to do so and demonstrated no good cause for its failure, it was error for the trial court to permit the State to introduce its evidence as to time and place. The conviction is reversed and the case remanded for a new trial.

GIVAN, C. J., and HUNTER, PRENTICE and PIVARNIK, JJ., concur.