Obadyah **BEN–YISRAYL,** f/k/a
Christopher Peterson,
Petitioner,

v.

Cecil **DAVIS,** Superintendent, Indiana
State Prison, Respondent.

No. 3:01 CV 65 AS.

United States District Court,
N.D. Indiana,
South Bend Division.

Feb. 19, 2003.

Prentice H. Marshall, Jr., John H. Gallo, Denise D. Keliuotis, Kelly J. Cox, Sidley Austin Brown and Wood, Chicago, IL, for petitioner.

Thomas D. Perkins, Gary Damon Secrest, Indiana Attorney General, Indianapolis, IN, for respondent.

## *MEMORANDUM AND ORDER*

ALLEN SHARP, District Judge.

This case has now been pending in this Court for more than two years, having been filed under 28 U.S.C. § 2254 on January 23, 2001. The triggering event occurred more than 12 years ago on December 18, 1990 in Lake County, Indiana. This Court has previously heard oral arguments from counsel and entered a Memorandum and Order on December 27, 2002. The petitioner has filed a motion to amend and alter judgment on January 10, 2003, and this Court gave the Attorney General of Indiana until February 18, 2003 in which to file a responsive memorandum. The memorandum has not been filed as of this date. There are a number of concerns raised by the motion of January 10, 2003

on behalf of the petitioner. It needs to be understood from the get-go that this petitioner was involved in two different trials in two different counties before two different judges and two different juries. Each of those proceedings generated a massive state court record. It is the obligation in *this* case to deal with the state court record that emanated from the trial in Lake County, Indiana. It is obviously been the strategy and tactic on behalf of this petitioner to select and intermingle events in each trial. Obviously that tactic can and in this case has created confusion. It will be the intent of this Court to deal carefully and finally with the case that has now before it under this cause number and to wait until the case from Porter County is ripe and then give it separate, careful and independent consideration. In reality, the only real connection between the two cases is the fact that Christopher Peterson, now known as Obadyah Ben–Yisrayl, was the defendant in both cases. So the attention will return to the somewhat lengthy laundry list of complaints and concerns that are evident in the January 10 filing on behalf of this petitioner. Those issues may not be taken up in the precise order in which they are listed there.

In regard to *Stone v. Powell*, 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976), the petitioner's counsel simply says that it was "waived by the state." No citation to the record is cited. Apparently it is expected that this Court will search this voluminous record and find something of that species of waiver. It is certainly unclear whether this petitioner's counsel is now saying that there has been a waiver of any contention that the Fourth Amendment of the Constitution of the United States was invoked and has been followed. This Court is hard pressed to find in this record a concession by the Attorney General of Indiana, or indeed by the prosecuting authority in Indiana that has conceded

that there has been a violation of the Fourth Amendment of the Constitution of the United States here. The arguments advanced by the Attorney General of Indiana leads to an entirely contrary conclusion. *Stone* has been a basic means established by the Supreme Court of the United States more than a quarter of a century ago to examine compliance with the Fourth Amendment of the Constitution of the United States and this Court is unable to find in this record that in any significant and relevant manner the Fourth Amendment has been violated to the disadvantage of this petitioner in this case. What this Court said about the possible applicability of *Gerstein v. Pugh*, 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975) and *County of Riverside v. McLaughlin*, 500 U.S. 44, 111 S.Ct. 1661, 114 L.Ed.2d 49 (1991) remains true and correct whatever the parties may or may not have agreed to with regard to *Stone*. Certainly in this circuit and in this Court following *Gerstein* was not, at least on one occasion, easy to do. This Court again cites *Dommer v. Hatcher*, 427 F.Supp. 1040 (N.D.Ind.1975), *rev'd*, 638 F.2d 1031 (7th Cir.1980), *previous opinion withdrawn*, 653 F.2d 289 (7th Cir.1981). Much of that concern is wrapped up and later dealt with by the Supreme Court of the United States in *County of Riverside*, and this Court remains of the view that the 36–hour delay argued about is not a per se violation of either of the aforesaid Supreme Court decisions in either 1975 or 1991. It is hard to understand how any so-called waiver of *Stone*, if indeed there was one, makes a difference that enures to the benefit of this petitioner.

One thing that is clearly not referenced in the pleading filed on behalf of this petitioner on January 10, 2003 is the most recent unanimous decision of the Supreme Court of the United States which gives

relevant and very important instructions as to how the state court record should be examined in cases such as this. This Court has no judicial license to ignore *Woodford v. Visciotti,* —— U.S. ——, 123 S.Ct. 357, 360–61, 154 L.Ed.2d 279 (2002), and *Early v. Packer,* —— U.S. ——, 123 S.Ct. 362, 154 L.Ed.2d 263 (November 4, 2002), a companion case in a non-capital setting. It is beyond any doubt that the procedural mandates by a unanimous Supreme Court within the last few months as reflected in *Woodford* apply here.

Much of the rest of the presentation made by the petitioner's counsel relates to a separate appeal in a Porter County case that is to be heard separately in the future. This Court will deal with the issues presented in that case at an appropriate time and under appropriate and carefully constructed procedures. In one regard, the record in the two different cases need to be sorted out very carefully. In this case, the trier of fact did *not* at any time hear the proffered evidence of Dr. Richard Ofshe. This is distinctly a part of the case in which the record must be carefully delineated between the trial of this case which occurred before a judge and jury in Lake County, Indiana, and the trial of another case, admittedly involving this petitioner, that was tried and heard before a judge and jury in Porter County, Indiana. From what this Court can determine in this case, Dr. Ofshe was never seen or heard by the jury or indeed the judge who were involved in the trial in Lake County. At such time as this Court gets to determine the case here involving the trial in Porter County, it will look again closely to determine exactly what function Dr. Richard Ofshe performed with regard to the judge and jury in that case. What we do know about that subject in this case is reflected in the opinion of the Supreme Court of Indiana that heard the appeal in this case. From what is apparent in the opinion of the Supreme Court of Indiana, Dr. Ofshe presented in a post-conviction hearing an affidavit but was not subjected even by the state trial judge hearing that to cross-examination and indeed confrontation. The Supreme Court of Indiana, in this case, clearly dealt with that issue and in the opinion of this Court dealt with it correctly. The manner in which it did so does not reflect an unreasonable application of Supreme Court authority and does not represent a decision that is at odds with relevant Supreme Court authority. According to the file stamps and caption in the Lake Superior Court, the affidavit of Dr. Ofshe was filed either on April 12, 1999 or April 14, 1999, a very long time after the trial of this case in 1991 and indeed a long time after the decision by the Supreme Court of Indiana in the initial appeal in 1996. The question of whether the belated presentation of the series of Dr. Ofshe was presented to the trial of this case in Lake County, Indiana. The same must be argued under ineffective assistance of counsel under *Strickland* and *Lockhart v. Fretwell,* 506 U.S. 364, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993). Those issues were dealt with in the second opinion by the Supreme Court of Indiana, and that Court failed to find that such involved ineffective assistance of counsel. Thus, in the judgment of this Court on that issue, the Supreme Court, speaking through Chief Justice Shepard, got it right just as Chief Justice Shepard got it right with regard to the issue of confession and whether the confession was voluntary under the basic constitutional teaching of *Colorado v. Connelly,* 479 U.S. 157, 107 S.Ct. 515, 93 L.Ed.2d 473 (1986).

This Court is bound by the decision of the Court of Appeals for the Seventh Circuit in *Trueblood v. Davis,* 301 F.3d 784, 788 (7th Cir.2002) with regard to the retroactive application of *Ring v. Arizona,* 536

U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002) and the retroactive application of Indiana Code 35–50–2–9. The Court of Appeals for the Seventh Circuit has promulgated specific rules with regard to the handling of this species of case in the district courts in this circuit. This Court cannot gainsay those rules, but must comply with them. Those rules have rather severe time limitations which also must be followed. Thus, after a two-year-plus consideration of this case, it is now appropriate to enter a final, appealable decision. That decision is to the effect that this petitioner has failed to show any basis for relief under 28 U.S.C. § 2254, and the petition, as well as the petitioner's motion to amend or alter judgment, are both **DENIED. IT IS SO ORDERED.**